(77 South. 520)

No. 21801.

WHALON v. SEWERAGE & WATER BOARD et al.

(Jan. 3, 1918.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ☜14(3) — PARTIES — ANSWERING APPEAL—EFFECT.

In an action for a judgment against two defendants in solido, if neither prays for a judgment against the other in warranty or indemnity, and judgment is rendered in favor of one and against the other defendant, and the latter alone appeals, the defendant in whose favor the judgment was rendered is not an appellee in the case, and no judgment can be rendered against him on appeal. The only remedy the plaintiff has, in such case, to reverse the judgment rendered in favor of the one defendant is by an appeal from the judgment. Answering the appeal taken by the other defendant will not serve the purpose.

2. MUNICIPAL CORPORATIONS ☜805—DEFECTIVE SIDEWALK — CONTRIBUTORY NEGLIGENCE.

A municipal corporation is not liable for personal injuries suffered by a pedestrian stumbling and falling on a broken and unsafe sidewalk when the evidence shows that the plaintiff was aware of the unsafe condition of the sidewalk before the accident, and could have avoided the danger with ordinary care.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by Josephine Whalon against the City of New Orleans and the Sewerage and Water Board. Judgment against the City and in favor of the Board, and the City appeals, and plaintiff, answering the appeal, asks judgment against the Board, and that the amount of judgment be increased. Judgment annulled, and plaintiff's demand rejected.

James O'Connor, Asst. City Atty., and I. D. Moore, City Atty., both of New Orleans, for appellant. Walter L. Gleason, of New Orleans, for sewerage and water board. Armand Romain, of New Orleans, for appellee.

O'NIELL, J. The plaintiff sued the city of New Orleans and the sewerage and water board, praying for judgment against them in solido for $25,000 damages, for personal injuries which she alleged she had suffered by stumbling and falling upon a broken and uneven sidewalk.

The pavement had been taken up by the sewerage and water board to lay pipes under the sidewalk. When the pipes were laid and the trench filled, the ground was not properly packed before the brick pavement was relaid. The consequence was that the cement seams between the bricks cracked, and the sidewalk became very uneven and unsafe to walk upon at night. It was at night that the plaintiff fell and was hurt.

Judgment was rendered against the city of New Orleans for $2,000, and in the same judgment the plaintiff's demand against the sewerage and water board was rejected. The city alone appealed. In answer to the appeal the plaintiff prays that judgment be rendered also against the sewerage and water board, and that the amount of the judgment be increased to the sum sued for.

[1] As the city of New Orleans did not pray for a judgment in warranty or indemnity against the sewerage and water board, the latter is not before the court, even as appellee. The only remedy the plaintiff had for reversing the judgment rendered in favor of the sewerage and water board was by an appeal from the judgment. Having failed to avail herself of that remedy, the judgment

is final as far as the sewerage and water board is concerned.

The defenses urged by the city of New Orleans are: First, that the city is not responsible for the neglect of the sewerage and water board to replace the pavement in a safe condition; and, second, that the plaintiff was aware of the unsafe condition of the sidewalk, and could have avoided the danger with ordinary prudence.

[2] We have concluded that the latter defense is sufficient. The accident happened in front of the premises adjoining the plaintiff's residence. She admitted in her testimony that she was aware of the unsafe condition of the sidewalk, and had written a complaint to the superintendent of the sewerage and water board before the accident. Her testimony convinces us that, with ordinary care, she could have avoided the accident.

The judgment appealed from is annulled, and the plaintiff's demand is rejected at her cost.