173 So.2d 291 (1965)
Rosa Lee Thomas GREEN and Alfred Green
v.
George F. ACOSTA et al.
No. 6321.
Court of Appeal of Louisiana, First Circuit.
March 8, 1965.
Rehearing Denied April 12, 1965.
Writ Refused June 7, 1965.
*292 Anthony J. Graphia, of Weber & Weber, R. Gordon Kean, Jr., and John V. Parker, Baton Rouge, for appellant.
Walton J. Barnes, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
This is a sidewalk "slip and fall case" in which plaintiffs, Rosa Lee and Alfred Green (husband and wife) seek damages from the abutting property owner, George F. Acosta, the City of Baton Rouge and the Parish of East Baton Rouge, in solido, in recompense for personal injuries sustained by the wife and medical expense incurred by the husband in the treatment thereof. The trial court rendered judgment in favor of plaintiff wife in the sum of $1,000.00 and in favor of plaintiff husband in the amount of $128.50 against defendants, Acosta and the Parish of East Baton Rouge, in solido, and dismissed the action against the City of Baton Rouge upon said defendant's peremptory exception of no cause of action predicated upon Brantley v. City of Baton Rouge, La.App., 98 So.2d 824; Toppi v. Arbour, La.App., 119 So.2d 621 and Brown v. Parish of East Baton Rouge, La.App., 126 So.2d 173. In addition, upon the third party demand of defendant Parish of East Baton Rouge (sometimes hereinafter referred to simply as "the Parish") against defendant Acosta, judgment was rendered in favor of the Parish against said third party defendant in the sum of $1,128.50. From the aforesaid judgments both Acosta and the Parish have appealed.
The appeal of defendant Parish maintains the trial court erred in dismissing said appellant's peremptory exception of no cause of action based on the provisions of Act 169 of 1898, Parish Ordinance Number 758 and City Ordinance Number 782, and in overruling said defendant's plea of contributory negligence alternatively tendered in bar of plaintiffs' claims.
Learned counsel for appellant Acosta likewise contends the trial court erroneously overruled said defendant's plea of contributory negligence and erred further in rendering judgment against Acosta on the third party demand of the Parish.
*293 We shall first dispose of the contention of appellant Parish that the trial court erred in overruling its peremptory exception based upon the proposition that the Legislature has not imposed a duty upon defendant Parish to maintain public sidewalks within the municipal limits of the City of Baton Rouge. In answer to this argument we deem it sufficient to point out that all aspects of this position have been heretofore considered and rejected by this Court. We believe our answer to this contention set forth in our prior opinions of Toppi v. Arbour, La.App., 119 So.2d 621 and Brown v. Parish of East Baton Rouge, La.App., 126 So.2d 173, exhaustively and thoroughly cover the entire subject matter and therefore conclude the trial court properly rejected the Parish's contention upon the jurisprudence therein established.
The facts and circumstances attending plaintiff's fall upon the public sidewalk abutting the property of defendant Acosta in the City of Baton Rouge, Parish of East Baton Rouge, at approximately 11:30 P.M., March 16, 1961, are virtually without dispute except as hereinafter otherwise noted. For all practical purposes the negligence of both appellants is conceded, the defense to plaintiffs' actions being primarily the alleged contributory negligence of plaintiff, Rosa Lee Green.
It is undisputed that defendant Acosta is the owner of a lot of ground situated at the northwest corner of Louisiana Avenue (a paved two way street running north and south) and Allen Street (a paved two way street running in an easterly-westerly direction), in the City of Baton Rouge, Parish of East Baton Rouge.
Plaintiffs, Rosa Lee and Alfred Green, reside in a home situated on the north side of Louisiana Avenue west of Acosta's property and separated therefrom by one intervening lot. Plaintiffs resided at this location for many years prior to the accident in question and were completely and thoroughly familiar with the neighborhood including the condition of the sidewalk abutting Acosta's property as hereinafter shown.
Defendant Acosta was the owner of a cleaning establishment formerly situated upon the aforesaid property. On an undisclosed date prior to August, 1960, the building housing Acosta's said establishment was removed from the premises pursuant to municipal authority which pronounced its condemnation and ordered its demolition. In August, 1960, Acosta removed from the premises a 1000 gallon underground tank used for the storage of crude oil which was in some unrevealed manner used in the operation of his business. Removal of the tank necessitated digging a large hole to extract the aforesaid facility following which it was dragged across the sidewalk and loaded upon a truck for transfer to a new location. In the process the tank leaked oil which covered a substantial area of the sidewalk. Demolition of the building and removal of the tank also left the adjoining sidewalk virtually covered with debris including fragments of lumber, metal, glass and scraps of other building materials. The sidewalk in question remained substantially in this condition from August, 1960, to the date of the accident excepting that its state was worsened somewhat in that neighborhood children added to the accumulated debris by breaking glass bottles on the area of the sidewalk in question and weeds of considerable height were permitted to grow along its sides.
Appellant Parish frankly concedes it possessed constructive notice of the aforesaid condition of the sidewalk by virtue of its undisputed existence in such state for several months prior to the accident. Defendant Acosta, while making a rather feeble attempt to show lack of negligence on his part, nevertheless utterly failed in this regard inasmuch as the evidence unquestionably reveals the removal of his building and tank left the abutting sidewalk substantially in the condition previously noted. Under such circumstances it is clear defendants are liable to plaintiffs *294 unless plaintiff Rosa Lee Green be shown guilty of contributory negligence as charged by appellants. It is settled law that where an abutting owner places an obstruction on or causes a defect in a public sidewalk a municipality, having actual or constructive notice thereof, becomes liable in solido with the property owner for injuries thereby caused a traveler, in the event of the failure of the municipality to correct the defect within a reasonable time. Lee v. City of Baton Rouge, 243 La. 850, 147 So.2d 868.
Appellee, Rosa Lee Green, acknowledges she was thoroughly familiar with the aforesaid condition of the sidewalk and had passed over it many times without mishap. She was especially aware its surface was covered with oil because she had witnessed the removal of the storage tank and seen it leaking oil on the sidewalk. At times she used the sidewalk to go from her home to Allen Street while at other times she walked in the street.
On the night of the accident plaintiffs had gone to the home of an acquaintance, Rosa Lee Williams, who lived around the corner on Allen Street. To get from their home to the Williams residence, plaintiffs proceeded easterly along the sidewalk to Allen Street, turned left or north and proceeded to the abode of their aforesaid friend. In proceeding to the Williams home, plaintiff wife walked on the sidewalk in question while her husband walked in the street. As plaintiffs left the home of their friend a light rain commenced falling. There being no sidewalk along Allen Street, plaintiffs proceeded southerly along Allen Street to the corner of Louisiana Avenue at which point plaintiff wife continued her way upon the sidewalk while her husband remained in the street. After plaintiff had traveled a short distance she slipped and fell sustaining the injuries for which she seeks damages.
Plaintiffs readily acknowledge they were hurrying to get home because of the rain and their understandable desire to avoid unnecessary exposure to unfavorable weather. In their depositions and testimony appearing of record plaintiffs variously describe the pace at which the wife was traveling as "hurrying in the rain", "trotting", "running", "not exactly running", "walking fast" and "hurrying fast as a person can without running."
In awarding judgment to plaintiffs our esteemed brother below concluded plaintiff was not guilty of contributory negligence in that he found the condition of the sidewalk, though cluttered, was relatively safe when dry, but was made slippery by the rain and therefore constituted a trap. In so holding we believe our learned colleague fell into error.
It is settled law that a municipality is not the insurer of the safety of pedestrians using sidewalks but must maintain them in reasonably safe condition. It is likewise established jurisprudence that to render a municipality liable the defect causing injury must be in the nature of a trap or one reasonably calculated to cause injury. A pedestrian using sidewalks may assume them to be safe and need not necessarily keep his eyes fixed to the surface in search of defects or exercise that care required in traversing a jungle. However, the pedestrian may not be completely oblivious to its condition and must exercise ordinary care in using a sidewalk having in mind the well recognized fact that throughout every city there may exist irregularities in sidewalks brought about by natural causes. White v. City of Alexandria, 216 La. 308, 43 So.2d 618.
We are herein concerned with a case in which the pedestrian is fully aware of a known hazard. The general rule governing such instances is stated in 63 C.J.S. Verbo Municipal Corporations, § 854b, page 210, as follows:
"The mere fact that one, knowing of a defect or obstruction, travels on a street or public way after dark, although it is a circumstance tending to show negligence, *295 does not per se constitute contributory negligence, particularly where the knowledge was acquired some time before, or the route selected by him was the one ordinarily traveled by the public. All the law requires is that he exercise ordinary care commensurate with the danger of which he has knowledge, taking into consideration the fact of darkness, although more caution is required in such case than if he were ignorant of the defect or obstruction, or if there were no defect, and it was daylight. In exercising such care a traveler has the right to assume that an excavation of which he had knowledge would not be left unguarded. He is, however, guilty of contributory negligence precluding recovery for consequent injuries if he fails to exercise such care and caution as the fact of such knowledge, of the darkness, or other circumstances would reasonably require of an ordinarily prudent man, as where at night he voluntarily uses a dangerous way of which he has knowledge when another safe and convenient way is open to him."
In Am.Jur. Volume 25, Verbo Highways, Sec. 463, page 754, the rule is stated thusly:
"* * * However, one using a sidewalk, street, or highway with knowledge of defects or obstructions therein is not relieved from the duty of using reasonable care for his own safety while traveling along such defective way. On the contrary, while he is not bound to exercise extraordinary care, he must exercise care in proportion to the danger he might encounter by reason of the defect or hazard, and such care as men of ordinary prudence would exercise under like circumstances. Knowledge of danger is in all cases an important factor in the determination of the question of negligence, and in some cases, the character of the knowledge and the nature of the danger may be such as to render the traveler guilty of contributory negligence, or to charge him with the assumption of the risk, if he proceeds or fails to avoid the hazard * * *"
With respect to the degree of care required of a pedestrian possessing knowledge of a dangerous condition of the way on which he is traveling the following appears in McQuillin, Municipal Corporations, Volume 19, Section 54.124, page 466:
"* * * Knowledge of the dangerous condition of a sidewalk by one walking thereon calls for the exercise of a greater amount of care than would be required in the absence of such knowledge, and that care must increase in proportion to his knowledge of the risk. Thus, where one knows a street is closed to traffic, and there are barriers indicating danger, his walking thereon at night is negligent, where not exercising any particular care; and knowledge is always an important fact to be considered in determining whether, under the circumstances of the given case, the person injured exercised ordinary care. If, for instance, one knows of an obstruction in the street, and knows that by the exercise of ordinary care he can avoid striking it while travelling along the street, his act of striking it is, per se, contributory negligence. And if the known danger is of such a nature as to threaten a traveler with injury if he attempts to use the way, especially at night, despite the care he might exercise, his use of such way is of itself contributory negligence.
"While mere knowledge on the part of the traveler of a defect or obstruction in a public way, and that the use thereof may be attended with some danger, does not preclude recovery for injury caused thereby, that is, use of the way with such knowledge does not per se constitute contributory negligence as a matter of law, yet if the defect or obstruction is so obviously dangerous or unsafe that an ordinarily prudent person would not use the way in such condition, especially *296 if another safe and equally convenient way were open to him, recovery may be barred. In other words, if the defect of a street or sidewalk were known to plaintiff, and the danger obvious and such that a reasonably prudent person would not have ventured thereon, he used the way at his own risk. The elements necessary to constitute contributory negligence in cases of this nature are that the person injured as an ordinarily prudent person must have known that the way was dangerous and unsafe and also knew, or in the exercise of ordinary care for his own safety ought to have known, that it was dangerous and imprudent for him to attempt to pass over it in such condition."
In numerous instances the appellate courts of this state have followed the above cited general rules. Thus, in Birth v. City of New Orleans, La.App., 77 So.2d 233, plaintiff was held contributorily negligent for stepping into a semi-circular hole situated near the outer edge of a sidewalk and measuring approximately 14 by 8 inches when it appeared he was cognizant of the condition described. The court therein held that a passer-by must see those defects which are obvious and can be noticed by a reasonably and ordinarily prudent person.
In the recent case of Aicklen v. Franz, La.App., 160 So.2d 857 (Fourth Circuit), plaintiff was held contributorily negligent and denied recovery for injuries sustained in a fall upon a sidewalk at night while taking a stroll when it was shown he lived in the neighborhood and was aware of the dangerous condition which precipitated his fall.
In Linxwiler v. City of Shreveport, La. App., 151 So. 81, plaintiff was held guilty of contributory negligence barring recovery for injuries sustained when she fell on a slippery manhold cover inasmuch as the evidence disclosed her knowledge of the condition which caused the accident.
In Whalon v. Sewerage and Water Board, et al., 142 La. 735, 77 So. 520, the Supreme Court held contributory negligence barred plaintiff's recovery for injuries sustained in a fall at night on a sidewalk near her residence when the record showed plaintiff was aware of the dangerous condition which caused the fall.
The record convinces us the sidewalk in question was in a patently unsafe condition which should have readily been appreciated and recognized by an ordinarily prudent individual exercising even the slightest degree of care. Both plaintiffs testified, and the record otherwise shows, the area where plaintiff fell was covered with dirt, oil and debris and had remained so for a considerable length of time. The condition was such that plaintiff husband preferred to walk in the street which he undoubtedly considered a safer and readily available alternate avenue of travel. Although there is testimony of record that other residents of the neighborhood used the sidewalk without mishap there is also evidence that plaintiff wife at times herself avoided walking thereon. One other witness testified she never used the sidewalk because the weeds adjacent thereto were so high she feared she would tear her hose. That plaintiff with full knowledge of the circumstances would attempt to hurriedly negotiate such a sidewalk in the dark of night, in our judgment, constitutes contributory negligence of the grossest sort.
Knowledge of the condition existing should have prompted plaintiff as a reasonably prudent individual to exercise extreme care and caution in attempting to traverse such a sidewalk rather than attempt such maneuver hurriedly and without due concern for a known peril. We believe the condition of the sidewalk such that even an attempt to negotiate it in daytime would necessitate the use of more than ordinary care, diligence and alertness. Photographs introduced in evidence clearly show a portion of the sidewalk black with oil across its entire width upon which is superimposed debris sufficient to prompt a *297 pedestrian to extreme caution while traversing the area in daylight.
Learned counsel for appellees vigorously contends plaintiff should be exculpated from contributory negligence herein because the condition noted constituted a trap of which plaintiff was unaware. In this regard it is argued the sidewalk was safe when dry (as evidenced by plaintiff having successfully passed over the area approximately thirty minutes previously) but that it became slippery and dangerous when the rain mixed with the oil present, of which latter circumstance plaintiff was unaware.
The evidence is conflicting on the question whether the area was slippery during dry weather. Although both plaintiffs testified on trial that the sidewalk was not known to be slippery when dry, plaintiff husband, in a deposition taken prior to trial, stated the site was soft and wet from oil. However, we fail to see wherein plaintiff could be relieved of contributory negligence herein assuming the area was not slippery during dry weather. We repeat that the sidewalk was obviously and patently dangerous and plaintiff's knowledge of the condition is shown beyond a doubt. Her knowledge necessitated exercise of care commensurate with the danger of which she was aware. We believe the condition such that a person of ordinary prudence, having knowledge of the circumstances, would not attempt to hurry across such an area at night even though the surface were dry. Knowledge of the existing state of the sidewalk should have alerted the wariest individual to exercise extreme caution and care in traveling over such a sidewalk in the dark of night even though its surface was dry. Such a maneuver was fraught with possible danger even during dry weather and the hazard therein existing could only be increased during wet weather, which circumstance must be charged to the knowledge of a reasonably prudent individual in full possession of his faculties.
It is now well settled that where two paths are open to a pedestrian, one safe and the other dangerous, if he knowingly chooses the dangerous way, he cannot recover for resulting injuries. Hudgens v. City of New Orleans, La.App., 54 So.2d 536.
Able counsel for appellees in oral argument urged our application of the "momentary forgetfulness rule" to exculpate appellee herein from contributory negligence. The rule which obtains in a majority of common law jurisdictions is stated in Volume 63 C.J.S. Verbo, Municipal Corporations § 854b, page 210, as follows:
"b. Knowledge of Danger
The mere fact that one, knowing of a defect or obstruction, travels on a street or public way after dark, although it is a circumstance tending to show negligence, does not per se constitute contributory negligence, particularly where the knowledge was acquired some time before, or the route selected by him was the one ordinarily traveled by the public. All the law requires is that he exercise ordinary care commensurate with the danger of which he has knowledge, taking into consideration the fact of darkness, although more caution is required in such case than if he were ignorant of the defect or obstruction, or if there were no defect, and it was daylight. In exercising such care a traveler has the right to assume that an excavation of which he had knowledge would not be left unguarded. He is, however, guilty of contributory negligence precluding recovery for consequent injuries if he fails to exercise such care and caution as the fact of such knowledge, of the darkness, or other circumstance would reasonably require of an ordinarily prudent man, as where at night he voluntarily uses a dangerous way of which he has knowledge when another safe and convenient way is open to him.

*298 "Mere forgetfulness of a known defect will not preclude recovery for injury to one traveling in the nighttime, especially where his attention is divered by some adequate cause, or his mind is occupied by matters of a pressing nature affording a particular reason for hurrying, or where the danger is so hidden as not of itself to be a reminder of its existence, since to forget is not negligence unless it shows a want of ordinary care. On the other hand, it has been held that forgetfulness of a defect may preclude recovery where no excuse for such forgetfulness is shown."
While we are aware of several instances in our own jurisprudence wherein the momentary forgetfulness rule is discussed, our research fails to disclose any case in which the rule has been invoked to exculpate the pedestrian who would otherwise be deemed guilty of contributory negligence barring his recovery.
In the most recent case, Youngblood v. Newspaper Production Company, La.App., 158 So.2d 432, plaintiff was held guilty of contributory negligence in the absence of a showing of external circumstances calculated to divert the attention of an ordinarily and reasonably prudent individual. Ensminger v. Great Atlantic & Pacific Tea Company, La.App., 152 So.2d 586, involved a customer who was injured on striking a metal post approximately 15 inches in height adjacent to and leaning over a sidewalk next to defendant's store. Plaintiff maintained she was distracted by the presence of an approaching pedestrian for whom she sought to make room by stepping to the side. The court held such distraction insufficient to apply the rule of momentary forgetfulness. In Gustine v. Big Chain Stores, La.App., 180 So. 852, application of the momentary forgetfulness rule was denied where the record failed to disclose circumstances justifying plaintiff's inattention which caused her to fall as she attempted to enter her car parked in defendant's parking lot.
We have indulged in considerable research on the aforesaid rule, which is to say the least, a highly technical one having many ramifications. We believe it suffices for the purposes of this opinion to state the rule, insofar as it applies to the case at bar, in essence holds that when knowledge of the danger is shown the burden shifts to the pedestrian to offer testimony exculpating his momentary forgetfulness. The rule is otherwise stated in Volume 6 McQuillin on Municipal Corporations § 2827 as follows:
"The rule seems to be that if there is a sufficient cause for the temporary forgetfulness, or the attention of the traveler is diverted for the moment, the failure to take notice of the defect is not contributory negligence."
The excuse envisioned by the rule must be something apart from mere inattention itself, must result from some external circumstance and may not consist of mere mental absorption upon some other subject. It must be something reasonably calculated to induce the pedestrian to forget the danger or justify his ignoring its existence.
In the case at bar plaintiff did not testify that she "forgot" about the danger because it was raining but rather her testimony indicates she used the sidewalk because the distance to her home was thereby shortened thus exposing her to the rain for a lesser period of time. We believe the record clear that plaintiff did not "forget" or have a momentary lapse of memory concerning the sidewalk but that, though aware of it, she decided nonetheless to use it since it provided a shorter route. This we believe raises the question of justification of use notwithstanding knowledge of the danger rather than total forgetfulness in a moment of emergency. What constitutes momentary forgetfulness or justification of use notwithstanding knowledge must perforce depend upon the circumstances of each individual case.
In the instant case plaintiff was proceeding home in a light rain with full knowledge *299 of the existing condition of the sidewalk.
We do not believe a light rain constituted "justification" for plaintiff's use of the sidewalk in the manner indicated. We believe the record reveals plaintiff's awareness of the condition and such awareness should have prompted an ordinary individual of reasonable prudence to proceed only with great caution and care. We further believe the emergency or external circumstance which constitutes justification of use despite awareness of the danger must possess greater import and be of more significance than that which will excuse one's temporary forgetfulness of a dangerous situation. We so believe because one who knowingly chooses the dangerous path with full realization of the peril involved must certainly give good reason for intentionally and deliberately subjecting his person to the possibility of injury by willfully choosing to tread the dangerous way. Thus, for example, in the instant case had plaintiff chosen the sidewalk because the street was blocked in some manner that rendered it hazardous, or had she been walking in the street and compelled to take the sidewalk to avoid injury by a motorist, or had she been going to the aid of a person in distress, her use of the sidewalk may perhaps have been justified depending upon the circumstances. However, in the instant case no such emergency or external circumstances are shown. On the contrary, plaintiff's only justification was that a light rain was falling and she was hurrying to avoid becoming unduly wet. This does not constitute justification of her use of the sidewalk by proceeding thereon at a fast walk without exercising any caution whatsoever, especially in view of the fact that an alternate safe route, the street, was immediately at hand. Plaintiff having elected to take the route chosen with full knowledge and realization of the danger is held to the obligation to exercise care commensurate with the circumstances. This she failed to do. The conclusion is inescapable that plaintiff was guilty of contributory negligence as alleged by appellants even under the momentary forgetfulness rule urged on her behalf.
Learned counsel for appellees also relies upon the authority of Merchant v. Montgomery Ward & Co., La.App., 83 So.2d 920, which announces the general rule that a pedestrian is not necessarily guilty of contributory negligence in failing to constantly look where he is going. We are thoroughly in accord with the views expressed in the cited case but find it so factually dissimilar to the case at bar as to be totally inapposite. In the Merchant case, supra, plaintiff was permitted recovery for injuries sustained in a fall when her foot became engaged in a chain negligently left on the sidewalk adjacent to the entrance to defendant's parking lot. Plaintiff therein was not shown to have had knowledge of such condition and certainly a pedestrian could not be held to expect such an obstruction on a city street.
The views herein expressed necessitate reversal of the judgment rendered below in favor of plaintiffs and against defendants, Acosta and the Parish, in solido, and dismissal of plaintiffs' claims. However, the conclusions reached eliminate the necessity of considering appellant Acosta's contention the trial court erred in granting judgment against him on the third party demand of defendant Parish.
Accordingly, it is ordered, adjudged and decreed that the judgment of the trial court in favor of plaintiffs, Rosa Lee Thomas Green and Alfred Green, against defendants, George F. Acosta and the Parish of East Baton Rouge, are hereby annulled, reversed and set aside and judgment rendered herein in favor of said defendants rejecting and dismissing said plaintiffs' claims at plaintiffs' cost.
It is further ordered, adjudged and decreed that the judgment of the trial court in favor of third party plaintiff, Parish of *300 East Baton Rouge, against third party defendant, George F. Acosta, be and the same is hereby annulled, reversed and set aside and said third party petition dismissed.
Reversed and rendered.