ELLIS, Judge.
Plaintiff Eloise P. Ellis has appealed from a judgment sustaining defendants’ motions for summary judgment and dismissing her suit. Defendants herein are *822 the City of Baton Rouge, the Parish of East Baton Rouge, George T. Vicknair, and Audubon Insurance Company, his insurer.
Plaintiff was injured when she tripped and fell on the sidewalk in front of Mr. Vicknair’s house in Baton Rouge, and filed suit against the defendants for damages resulting from her injuries. All defendants filed motions for summary judgment.
The City of Baton Rouge moved for summary judgment on the ground that it is not a proper party defendant, since the Parish of East Baton Rouge is responsible for maintenance of sidewalks under the Plan of Government of the City and Parish. Summary judgment was properly granted, and is apparently not contested herein by plaintiff. Brown v. Parish of East Baton Rouge, 126 So.2d 173 (La.App. 1 Cir. 1960).
The Parish of East Baton Rouge, Mr. Vicknair, and Audubon have moved for summary judgment, attaching thereto plaintiff’s deposition, in which she testified to certain facts which, it is claimed, preclude her recovery on the ground of contributory negligence. Plaintiff testified that she had been walking to work past the scene of the accident for four years, and that she was familiar with the broken condition of the sidewalk adjacent to Mr. Vicknair’s house. She further stated that the accident happened at about 3:00 o’clock in the afternoon on a clear, dry day. The condition of the sidewalk complained of was a slab of concrete which she testified was about 18 inches square, and was about two inches higher than the rest of the sidewalk. No affidavits were offered which in any way contradict plaintiff’s testimony in the above respects.
Conceding, for the sake of argument, that the condition of the sidewalk was hazardous, it appears that plaintiff’s prior knowledge of the condition would preclude her recovery under the circumstances here presented. In Green v. Acosta, 173 So.2d 291 (La.App. 1 Cir. 1965), this Court held that one using a sidewalk with knowledge of defects therein is charged with exercising care commensurate with the danger presented thereby, and his failure to do so constitutes contributory negligence. Plaintiff clearly falls within the purview of the rule.
Plaintiff’s argument that there was no alternative route for her to follow is without merit. Her negligence lies not in using the sidewalk at that point, but in not exercising care commensurate with the danger of which she had previous knowledge, and which she had successfully avoided for four years before this accident.
There is no dispute as to plaintiff’s prior knowledge, or of the conditions existing at the time of the accident. No question of the creditability of the witness is involved. We find no material issue of fact remaining which would require a trial on the merits, and that motion for summary judgment is an appropriate vehicle for bringing the matter to the attention of the Court.
The judgments appealed from are affirmed, at plaintiff’s cost.
Affirmed.