294 So.2d 553 (1974)
Lane LEE
v.
STATE of Louisiana, Through DEPARTMENT OF INSTITUTIONS.
No. 9794.
Court of Appeal of Louisiana, First Circuit.
April 22, 1974.
Rehearing Denied May 30, 1974.
*554 John F. McKay, Baton Rouge, for appellant.
Stanford O. Bardwell, Jr., Baton Rouge, for appellee.
Before LANDRY, ELLIS and PICKETT, JJ.
ELLIS, Judge.
Plaintiff Lane Lee, an inmate in the state penitentiary at Angola, Louisiana, fell while descending the steps at Camp H where he was incarcerated, and was injured. He brings this suit against the State of Louisiana, through the Department of Institutions, for damages arising out of the accident. After trial on the merits, judgment was rendered in favor of defendant, and plaintiff has appealed.
The record reveals that plaintiff worked in the kitchen of Camp H. On the morning of the accident, he had returned from the kitchen to his upstairs dormitory to make his bed. The orderlies were then engaged in cleaning the dormitory, by wetting down the floor and then scrubbing it with a mixture of soap, water and pine oil. Since there were no drains on the second floor, the cleaning solution had to be pushed down the steps when the upstairs floor was rinsed.
While the latter procedure was being followed, and the steps were wet with the solution, plaintiff and the orderlies were called to a "count" by the ringing of a bell. All inmates are required to attend the counts, which are held several times each day so that escapes or other unauthorized absences may be detected. Plaintiff, who had been in Camp H for over three years, was familiar with all of the foregoing procedures, and had been called on to descend the steps under similar circumstances on many prior occasions, without mishap.
On this occasion, however, plaintiff slipped on one of the first three steps and fell to the bottom of the stairs, suffering a broken shoulder and other less serious injuries. It is not disputed that the steps were wet and slippery, that no handrail was provided, and that plaintiff had no alternative *555 but to descend them at that time because of the count.
The trial court found the State negligent for failing to provide a handrail, but also found plaintiff to have been contributorily negligent for failing to use care commensurate with a known hazard. We have no difficulty in finding negligence on the part of the State, which created a hazardous condition, through which inmates were required to go, without providing any safety devices. Under the circumstances, such an accident as happened in this case is reasonably foreseeable.
On the other hand, it is settled law that one who is faced with a known hazardous condition must use care in traversing it commensurate with the hazard presented. See Ellis v. City of Baton Rouge, 285 So.2d 821 (La.App. 1 Cir. 1973); Green v. Acosta, 173 So.2d 291 (La.App. 1 Cir. 1965).
Plaintiff testified that he was aware of the slippery condition of the steps, and that he was as careful as possible. Another witness testified that he was standing at the top of the steps as plaintiff descended, and that plaintiff was walking carefully. No evidence was introduced on behalf of defendant to show that plaintiff was guilty of any specific act of negligence. We are asked to conclude from the fact that plaintiff fell that he failed to exercise care commensurate with the hazard he faced. Since the burden of proving plaintiff's contributory negligence is on the defendant, and since there is affirmative evidence offered that plaintiff was exercising the same degree of care that he had used in the past when successfully negotiating the steps, we are unable to draw that conclusion. Under the evidence presented, we find no contributory negligence on plaintiff's part.
Plaintiff's medical record from the penitentiary shows that on June 26, 1970, he suffered an avulsion type fracture of the distal end of the arch of his right shoulder, with no displacement or dislocation noted. His arms were immobilized and he spent one night in the hospital ward. He was taken off duty for five weeks. On August 6, 1970, he was seen again, and exercises were advised by the doctor. He remained off duty, and was given physical therapy on August 10 and 11. On August 13, he failed to keep an appointment with the consulting Orthopedic Clinic. There are no further entries specifically relating to this injury in his record. At the trial in June, 1973, he was complaining of pain, weakness and restriction of motion in his right shoulder.
Considering the foregoing, we find that an award of $2,500.00 will adequately compensate plaintiff for his injuries.
The judgment appealed from is reversed, and there will be judgment in favor of plaintiff and against defendant for $2,500.00, together with legal interest from date of judicial demand until paid. Defendant shall pay all costs for which it may be legally liable.
Reversed and rendered.