COVINGTON, Judge.
This is a tort action brought by Amos Turner, an inmate of the Louisiana State Penitentiary, against the State of Louisiana, through the Louisiana State Penitentiary and the Department of Corrections and Fireman’s Fund Insurance Company, for personal injuries sustained in a tractor accident at the penitentiary on or about October 9, 1973. The injury caused severe and disabling results to the left knee and leg of the plaintiff.
By judgment on September 30, 1975, amended on October 3, 1975, plaintiff was given a judgment against the State of Louisiana, through the Department of Corrections, and The Associated Indemnity Company [stipulated to be the proper insurer], jointly and in solido, in the amount of $25,000.00, subject to a limitation on the liability of the insurer of $20,000.00, the limits of its coverage, plus legal interest computed thereon until paid. The plaintiff and the defendants have appealed. We amend and affirm.
The fact that Turner was thrown off his tractor and the degree of his disability is not seriously contested. The defendants-appellants who were cast in judgment contend that the trial court erred in finding that the negligence of a fellow inmate tractor driver [Nicholas] was the sole cause of the accident, in finding the Department of Corrections liable, and in failing to find that the plaintiff was guilty of contributory negligence. The plaintiff-appellant contends that the trial court erred in denying him his claim for loss of future earnings.
The evidence indicates that, on the date of the accident, Turner, a tractor driver and repairman, was operating a tractor to which was attached a small, two-wheeled trailer that contained tools for use in the event that any field repair work was made necessary. That vehicle, together with three other tractors, all operated by fellow inmates, proceeded to a location on the penitentiary grounds where plowing operations were conducted. The vehicles were of the standard farm tractor design, with large rear wheels and small front wheels more closely spaced than the rear ones.
At the end of the working day, the four tractors were proceeding single file back toward the' tractor shed. In order to reach it, it was necessary to travel a road which was located on the top of the levee adjacent to the Mississippi River. Plaintiff was in the third position, with inmate Nicholas following him. One Arthur Smith was on the Turner tractor, standing to the rear of the driver. Nicholas testified that he was momentarily detained and then he caught up and attempted to pass Turner when, to quote Nicholas, Tr. 103 :
“ . . . [A]nd I tried to go around Amos and the levee started to running out, like, . . .
*312 Nicholas was grossly negligent in attempting to pass. He testified, Tr. 104:
“A. Like I told you, I put my hand up in the air and said that I was coming around and he looked back and shook his head.
Q. He shook his head ‘no’ ?
A. He just, you know, just nodded, like, you know.”
And, at Tr. 105 :
“Q. Is there any kind of rule up there at Angola about passing anybody on the levee.
A. Yes, sir, they had told us for to don’t pass, you know, for to don’t pass, but by that day like we were running late, you know, and I wanted to try to hurry up and get in, and I tried to go around him.”
Both Nicholas and Smith testified that Turner turned a bit to the right as Nicholas attempted to pass. Likewise, Turner testified, Tr. 128:
“Q. And then did the front of his tractor come up alongside of yours?
A. Come up alongside of mine like that and he got like that and when he looked and saw the road coming in like that, well, he put it down and that throwed them tires over together like that and that pulled the front end over like that.
Q. In the meantime had you pulled over as far as you could go ?
A. As far as I could pull. If I had pulled over any further I would have went off in the blow hole. I couldn’t get no further.
Q. The blow hole, what is that, a big borrow pit over there ?
A. Yes, sir, see, the blow hole is sitting on this side of the levee and there is one sitting on the other side.
Q. Oh, a borrow pit on both sides of the levee?
A. Yes, sir.”
Turner’s left rear wheel went over the right front wheel of Nicholas, causing Turner’s tractor to tilt and throw him off. Tennart, another inmate driver, testified in substantially the same manner. The Department, under the doctrine of re-spondeat superior, is liable; see Darville v. Louisiana Department of Corrections, 323 So.2d 441 (La. 1975).
Relative to his claim for loss of future earnings, the trial court denied it as being speculative. We disagree.
It is not disputed that the injury resulted in the plaintiff suffering an 83% disability of his leg. He is 52 years of age. At the time of trial, he had one and one-half years remaining to be served on a seven and one-half year sentence for manslaughter. The record shows that, absent the injury, when he was released he would have been employable. Further, it reflects that he probably would have been employed by a political subdivision in Caddo Parish, earning the minimum wage then applicable. We do not feel that an award for this loss is proscribed as being conjectural or speculative.
Expert testimony was elicited as to the present value of future earnings lost; the figures varied from approximately $47,-000.00 upward. In the exercise of our discretion in cases where the claimants cannot establish the exact loss suffered, we feel that $25,000.00 for loss of future earnings would be just to the litigants.
Accordingly, the judgment of the trial court is amended to increase the award to Turner to $50,000.00 and is affirmed in all other respects.
Costs are assessed against the insurer.
AMENDED AND, AS AMENDED, AFFIRMED.