328 So.2d 765 (1976)
Cornelius LANIEUX
v.
The STATE of Louisiana, Through the LOUISIANA STATE PENITENTIARY AND the DEPARTMENT OF CORRECTIONS.
No. 10615.
Court of Appeal of Louisiana, First Circuit.
March 1, 1976.
Writ Refused July 1, 1976.
*766 Byron Magbee, Baton Rouge, for appellant.
James P. Dore, Baton Rouge, for appellee.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
This is an appeal from a judgment dismissing the suit of Cornelius Lanieux against the State of Louisiana through the Louisiana State Penitentiary and the Department of Corrections. We affirm.
On December 29, 1972, plaintiff was an inmate of the Louisiana State Penitentiary and one of a group of inmates assigned to work with the cattle kept at the penitentiary. At the time of the accident, the group was engaged in attempting to pen a Brahma cow.
Plaintiff and another inmate were standing by a board fence which enclosed a chute or alley through which the cow was to be driven. The fence was five or six boards high, made of six or eight-inch boards mounted about four inches apart. At the point where plaintiff was standing, the second or third board from the bottom was missing.
The cow refused to go past the point where plaintiff was standing, and being of the opinion that she was frightened by his presence, he stooped down so that she would not be able to see him. The cow then ran past plaintiff and kicked through the gap left by the missing board, striking plaintiff in the mouth with her hoof and causing the injuries complained of.
In the trial court, plaintiff pitched his case on the alleged negligence of the defendant in failing to provide him with a safe place to work by not keeping the board fence in proper repair. He further alleged the failure of the State to furnish him with proper medical attention. The trial judge found no negligence on the part of the State, and he further found that if plaintiff did not receive proper medical attention, it was his own fault for not attending sick call.
The trial judge, in finding no negligence on the part of the State, stated that the purpose of the fence was to keep the cattle from running wild and not to keep the men working with the cattle from being kicked by a cow. We agree. This is simply a finding that no duty was breached by the State to provide plaintiff with a *767 safe place to work because of the failure to replace the missing board on the catch pen when the purpose of the catch pen is taken into consideration. In the absence of a duty to place a board on the catch pen for plaintiff's protection, there can be no negligence.
Negligence is the failure to exercise ordinary and reasonable care under the circumstances to avoid injury to one owned a duty of care. Stated otherwise, negligence is a breach of duty to protect against an unreasonable risk of foreseeable harm. Taylor v. National Indemnity Company, 215 So.2d 203 (La.App.3rd Cir. 1968); Traders & General Insurance Company v. Robison, 289 So.2d 178 (La.App.1st Cir. 1973).
However, assuming arguendo that the fence was around the pen for the protection of the inmates, plaintiff fails the foreseeability test, because even the keenest hindsight would defy the foreseeability of plaintiff's injury. For plaintiff's injury to have occurred, the following combination of circumstances had to occur simultaneously. First of all, the presence of an agitated cow being chased in the pen by others is required. According to the evidence, the cow which the inmates were attempting to pen was in poor condition and easily agitated. There is evidence that the foreman told the inmates to leave the cow alone until she cooled down. This testimony was believed by the trial judge. Nevertheless, the evidence shows that inmates were attempting to drive an agitated cow into a chute at one end of the pen. Secondly, to avoid "spooking" the agitated cow as she went into the chute, the plaintiff stooped down at a place on the outside of the pen where there happened to be a missing board. With his face thus opposite this opening and while the cow was being driven by the other inmates, the third circumstance occurred when the cow kicked through the hole in the fence and struck the plaintiff in the mouth where he stooped outside the pen. The risk of such an occurrence, in our opinion, is one which the State could hardly have anticipated and could not have been under a duty to guard against.
Finally, the trial judge rejected plaintiff's contention that the State failed to afford him proper medical attention. In so finding, the trial judge stated that he was not impressed with this assertion because plaintiff had failed to appear for a number of dental "call outs" after a sufficient period had elapsed for the recovery of his gums and lips. He further noted that plaintiff's medical record revealed that he appeared at the hospital for a number of complaints without calling attention to his loss of teeth. The evidence supports the trial judge's finding and will not be disturbed by us.
For the above reasons, the judgment of the trial court is affirmed, at the cost of plaintiff-appellant.
Affirmed.
ELLIS, J., dissents and assigns written reasons.
ELLIS, Judge (dissenting):
I am of the opinion that this case is governed by Article 2321 of the Civil Code, as recently interpreted in Holland v. Buckley, 305 So.2d 113 (La.1974). Article 2321 provides:
"The owner of an animal is answerable for the damage he has caused; but if the animal had been lost, or had strayed more than a day, he may discharge himself from this responsibility, by abandoning him to the person who has sustained the injury; except where the master has turned loose a dangerous or noxious animal, for then he must pay for all the harm done, without being allowed to make the abandonment."
In Holland v. Buckley, supra, at page 119, the court said:
"We hold, therefore, that the correct interpretation of Civil Code Article 2321 is *768 as follows: When a domesticated animal harms another, the master of the animal is presumed to be at fault. The fault so provided is in the nature of strict liability, as an exception to or in addition to any ground of recovery on the basis of negligence, Article 2316. The owner may exculpate himself from such presumed fault only by showing that the harm was caused by the fault of the victim, by the fault of a third person for whom he is not responsible, or by a fortuitous event."
If the foregoing is to be literally applied, the State will be liable unless it is shown that the injury resulted from "fault" on the part of the victim, or from some cause not imputable to the State. In my opinion, no such fault on the part of the plaintiff has been shown. That the cow would kick through the hole in the fence is an event no more foreseeable by plaintiff than by the defendant. It may be that getting kicked in the mouth by a cow through a hole in the fence is a risk inherent in being a cowboy, in which case plaintiff would be at fault in assuming that risk. No such showing is made in the record, however,
I note that, in adopting the interpretations placed on this codal provision by certain French commentators, the Holland court overlooked the fact that Article 2323 of our code has no counterpart in the Code Civil. I therefore question whether "fault" on the part of the victim should constitute an absolute defense in cases of this kind. We are, of course, not dealing with liability based on negligence, so that the defense of "contributory negligence", supplied by our courts so long ago, should not be available. Article 2323, read in context, must be considered one of the "modifications" referred to in Article 2317, since it has never been treated as having any application to cases arising under Articles 2315 and 2316. Application of that article, when appropriate, should result in the fault of the victim being used in mitigation of damages, rather than as an absolute defense.
In this case, however, I see no fault on the part of the plaintiff, and believe that full recovery should be allowed.