LANDRY, Judge.
Plaintiff (Appellant), an inmate of Louisiana State Penitentiary, Angola, Louisiana, appeals from judgment dismissing his claim for personal injuries sustained while riding on the fender of a farm tractor being operated on the penitentiary grounds by a fellow inmate. We affirm.
The accident occurred on April 18, 1975. At the time, Appellant, a trustee, was known as a “horse boy” whose duties consisted of caring for horses used by prison supervisory personnel in charge of work crews. As such, Appellant brought saddled horses to a designated work site and remained on hand for the sole purpose of tending and caring for the horses during the day.
On the day in question, Appellant was assisting in a sandbagging operation on the Mississippi River Levee which protects the penitentiary grounds from inundation during high water. Two crews of prisoners were being used to fill and place sandbags atop the levee at low places. One crew was under the control of Howard Dupont, an unarmed work -supervisor. The other was under the control of Barry Lemoine, an armed field supervisor. The crews had been brought to the work site in carts or “hootnannies” drawn by a small farm tractor operated by inmate Allan Mitchell. Du-pont ordered Mitchell to use the tractor and proceed to Camp G and bring back a ball of twine needed to tie sandbags. Mitchell unhitched the carts from the tractor and with *785 Appellant seated on a fender of the vehicle, proceeded toward Camp G via the gravel road on top of the levee. En route, Mitchell encountered a sharp curve described by Du-pont as an elbow curve and by Lemoine as an S curve. The road was considered to be in fairly good condition, although it did have some holes, mud puddles and bumps at various places. Mitchell entered the curve at a speed sufficient to cause the tractor to leave tracks from 40 to 50 yards in length. The tracks continued a short distance beyond the curve at which point the tracks ran off the levee and into the river. Mitchell stayed on the tractor and was drowned. Appellant jumped off the machine and was injured when one of its wheels ran over his back as he lay face down on the ground.
The tractor had a top speed of approximately 35 miles per hour. It was a new machine and in good condition.
Appellant’s sole duty was to care for the horses. He was not required to assist in the sandbagging operation. As a trustee, he was not guarded as closely as prisoners in the work detail, and was allowed considerable freedom of movement around the work site. Appellant testified he was ordered by Dupont to go with Mitchell and bring back a ball of twine which, appellant stated, weighed about 4 or 6 pounds. He seated himself on the right fender of the tractor holding on with both hands as he had done on prior occasions when he rode a tractor. He knew it was strictly against prison rules for anyone other than the driver to ride a tractor but did not dare disobey Dupont. He stated that Mitchell proceeded along the levee road about as fast as the tractor would go. While he considered the possibility of an accident with him riding in such a position, he did not think he would get hurt. He did not protest the speed at which Mitchell was proceeding.
Dupont and Lemoine were familiar with the levee road. They considered the curve dangerous and felt that it was unsafe to negotiate the curve at a speed greater than 10 miles per hour. Both men stated it was against prison rules for anyone other than the driver to ride a tractor and any prisoner caught violating the rule would face disciplinary action. In addition, any guard or supervisor ordering a prisoner to ride a tractor in violation of the rule would himself be subject to disciplinary action. Du-pont denied having ordered Appellant to accompany Mitchell. Lemoine did not hear such an order given.
Upon examining the accident site, Du-pont found the above mentioned tracks. He concluded the tractor tilted to one side because it entered the curve at excessive speed. He followed the tracks from where they commenced on the levee road to where they entered the river at which point the submerged tractor was found.
The trial court concluded Mitchell was negligent in driving the tractor at excessive speed. We concur in this finding. He also found Appellant guilty of assumption of the risk or contributory negligence in riding the tractor by sitting on its fender. Appellant contends the trial court erred in rejecting his demand because defendant has failed to discharge the burden of proving its affirmative defense of assumption of risk or contributory negligence. Inferentially, Appellant maintains defendant may not plead contributory negligence or assumption of risk because as a prisoner he had no choice except to obey Dupont’s order.
The trial court noted the divergence between the testimony of Dupont and that of Appellant concerning the alleged order to Appellant, but did not resolve this factual dispute. We note that Appellant was corroborated by a fellow prisoner, Charles Ranker, a member of the sandbagging crew.
We reject Appellant’s contention that he was ordered to ride the tractor. We do so because: (1) Dupont would have subjected himself to possible disciplinary action for issuing such an order; and (2) Appellant could have been of no assistance to Mitchell. The record shows that Appellant was almost totally occupied in holding on to the fender of the tractor.
An outrider on a vehicle assumes only such risks as are ordinarily incident to *786 his position. He does not assume the risk of negligent driving on the part of his host driver, as he is ordinarily entitled to rely upon his host’s exercise of ordinary care. Brantley v. Brown, 277 So.2d 141 (La.1973), and authorities therein cited.
The determination of whether a plaintiff has assumed a‘ risk is made by subjective inquiry. The test is whether plaintiff voluntarily and knowingly encounters a risk which causes his injury. Prestenbach v. Sentry Insurance Co., 340 So.2d 1331 (La.1976). In determining known assumption of risk, knowledge is not imputed to plaintiff because he was in a position to make certain observations, but because he actually made observations from which he should have known a risk was involved. Prestenbach, above.
Contributory negligence, however, is determined objectively under the reasonable man standard. Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971).
We find plaintiff guilty of contributory negligence barring his recovery because it was unreasonable for plaintiff to place himself in a precarious position on a tractor designed to hold only the driver and not protest his host’s traveling at an unreasonable and unsafe speed under the circumstances.
The judgment is affirmed at Appellant’s cost.
Affirmed.