SCHOTT, Judge.
This is a damage suit by plaintiff, Isaac S. Williams, Jr., against the criminal sheriff and two of his employees[1] for injuries plaintiff sustained when he slipped and fell in the House of Detention where he was incarcerated. From a judgment dismissing his suit plaintiff has appealed, contending that the trial court erred manifestly in assessing the facts of the case.
Plaintiff had taken a shower in the prison and upon stepping into the hall leading back to his cell he slipped and fell. From the outset of the case he has consistently maintained that the floor of the hall had been waxed and was thereby rendered unduly slippery.
Plaintiff’s testimony that he saw the floor waxed thrice daily was flatly contradicted by the warden of the prison who said it was never waxed. The trial judge specifically accepted the testimony of the warden. Such a credibility call will not be disturbed in this court. The warden testified that this was a regular concrete floor which was mopped and cleaned with water and a disinfectant such as .pine oil thrice daily, it was not slippery and the surface was not slick. He stated that he had walked on the same floor when it was “covered with water,” and it was not slippery.
In the final analysis, all plaintiff proved was that he fell down, but he failed to prove that the floor was unduly slippery from wax or any other substance. This is the distinction in the case from Lee v. State, Department of Corrections, 294 So.2d 553 (La.App. 1st Cir.1974) relied upon by plaintiff. There the court of appeal found the facts “undisputed that the steps were wet and slippery” where plaintiff fell. The record in this case does not support such a factual conclusion.
Plaintiff is not entitled to recover simply because he fell down. His burden was to find some breach of duty on the part of defendants which caused him to fall in order to recover. Having concluded as did the trial judge that he failed to carry his burden we affirm the trial court’s judgment.
AFFIRMED.

. The City of New Orleans and some of its employees were also joined as defendants but settled the case with plaintiff.