LABORDE, Judge.
Plaintiff, Glenn A. Duhon, brought suit against the Calcasieu Parish Police Jury and Wayne McElveen, Sheriff of Calcasieu Parish, for personal injuries sustained while he was an inmate in the parish prison. The trial court rendered judgment in favor of plaintiff in the amount of $6,515.60 against Sheriff McElveen. The judgment is silent as to the Calcasieu Parish Police Jury; therefore, plaintiffs demand against the Parish is deemed dismissed. Sheriff McElveen appeals the judgment of the trial court on the issues of fault and credibility.
FACTS
Plaintiff was convicted of D.W.I. He was incarcerated at the Calcasieu Parish Vocational Rehabilitation Center. He voluntarily participated as a farm crew member in the work program at the minimum security facility.
On the morning of April 9, 1984, plaintiff was in the field clearing the farmland of *1017 stumps and rocks which were then heaped into a trailer. Mr. Duhon testified that the trailer was loaded and that it was about to be “dumped” when he climbed aboard the trailer. He sat on a crate at the open end of the trailer. Plaintiff says that his back was against the wall and his feet were planted securely on the floor boards. Plaintiff estimated that the trailer was going about 30 m.p.h. when it hit a rut in the farm road. The jolt bounced him to the ground where he somersaulted his way to a back injury.
Another inmate, Calvin Minnix, testified as to the events leading up to the accident. Minnix was the foreman of the farm crew. He testified that he rode on the tongue (or hitch) of the trailer to the dismay of the driver, John Marcotte. The witness and the driver argued as to the safety of Min-nix’s riding posture. The witness estimated that the tractor-trailer was going about 15-20 m.p.h. when it hit the rut in the road. He testified that he saw plaintiff fall off of the crate and hit the ground. The driver refused to stop to check on plaintiff. Mr. Minnix denied making a contemporaneous statement stating that plaintiff either fell or jumped from the trailer; however, the defense entered such a statement in evidence.
John Alex White, another denizen of the rehabilitation center and farm crew member, testified that he was in a truck behind the tractor-trailer when the accident occurred. The witness estimated the speed of the tractor to be between 20-25 m.p.h. when the trailer hit the rut. He saw plaintiff seated on the crate, the trailer bounce, and plaintiff fall to the ground. The witness admitted to making a contemporaneous statement stating that plaintiff had his legs dangling off the trailer and that plaintiff either fell or jumped from the trailer.
The driver of the tractor, John Marcotte, imprisoned for D.W.I., could not see plaintiff in the trailer. Marcotte estimated the speed of the rig to be between 10 and 15 m.p.h. when he hit the two inch deep rut. The witness stated that he did not know why plaintiff was in the trailer as the other members of the crew were working in the field.
The defendant called the farm manager of the rehabilitation center, Deputy J.H. Thornton, Jr. He testified that he instructed the inmates to sit on the floor of the trailer when they were riding and to never let their legs hang off of the back of the trailer. Mr. Thornton investigated the accident (and gathered the statements), but he was not a witness thereto.
Carol Buetler, plaintiffs chiropractor, testified as to the extent of plaintiffs injuries. She found that plaintiff suffered from a strained muscle in his lower back (lumbar myofascitis) and injured soft tissue in the cervical and upper thoracic spine (cervical brachial syndrome). Buetler noted that the injuries were consistent with the history given to her by plaintiff.

Assignment of Error Number One

Defendant questions the theory of liability under which he was held accountable for plaintiffs damages. Specifically, defendant asks if and how he was negligent; if and how he was strictly liable; and whether contributory negligence of the actors should be assessed?
The Department of Corrections can be held liable to an inmate who has been negligently injured by another inmate under the doctrine of respondeat superior. Brewington v. Louisiana Department of Corrections, 447 So.2d 1184 (La.App. 3d Cir.), writ denied, 449 So.2d 1348 (La.1984); Turner v. State, 333 So.2d 310 (La.App. 1st Cir.1976). Cf. Thibodeaux v. Bordelon, 740 F.2d 329 (5th Cir.1984) where the court decided that liability under Louisiana law rested under La.C.C. arts. 2315-2317 and LSA-R.S. 42:1441(B).
It is well established that an employer has an obligation to provide his employees with a working place and conditions which are reasonably safe considering the nature of the work. LSA-R.S. 23:13; Lytell v. Hushfield, 408 So.2d 1344 (La.1982); Walker v. Graham, 343 So.2d 1171 (La.App. 3rd Cir.), writ refused, 346 So.2d 213-14 (La.1977). The Department of Cor *1018 rections owes prison inmates the duty of providing equipment and machinery which is safe for the tasks the inmates are required to perform. Bridgewater v. State Through the Department of Corrections, 434 So.2d 383 (La.1983); Reed v. State Through the Department of Corrections, 351 So.2d 788 (La.App. 1st Cir.1977). However, the Department is not the insurer of the safety of inmates in prisons. It cannot supervise each inmate in the performance of each task assigned to him. Its duty is to exercise reasonable care to protect an inmate against unreasonable risk of foreseeable harm. It is not required to anticipate and warn against every possible danger to which an inmate may be exposed. Brewington, 447 So.2d at 1188; Lanieux v. State, 328 So.2d 765 (La.App. 1st Cir.), writ refused, 334 So.2d 427 (La.1976).
In this case, estimates of the speed of the rig ranged between 10 and 30 m.p.h. Testimony also established that the driver, who was involved in a heated argument with the crew foreman, did not slow down for the rut in the roadway. The trial court determined that the driver of the tractor-trailer rig exceeded the reasonable speed under the circumstances. It was at this point that plaintiff was bounced from the trailer. The record supports the finding of fault on behalf of the Sheriff vis-a-vis the actions of the driver under the doctrine of respondeat superior. We must now determine whether the record supports the finding of no contributory negligence on behalf of plaintiff.
The issue of contributory negligence of inmates has been thoroughly addressed in Bridgewater, 434 So.2d at 384, 385:
“Contributory negligence is defined as plaintiffs conduct which falls below the standard of care to which he should perform for his own protection. The standard is determined by reasonableness of behavior under the circumstances. The party relying upon the contributory negligence defense has the burden of proving it. Smolinski v. Taulli, 276 So.2d 286 (La.1973). See also Hall v. Hartford Accident and Indemnity Company, 278 So.2d 795 (La.App. 4th Cir.), writ refused, 281 So.2d 753 (La.1973). Contributory negligence is a matter of fact to be determined in light of the circumstances of each case. Soileau v. South Central Bell Telephone Company, 406 So.2d 182 (La.1981). Contributory negligence is never presumed; such negligence on the part of the plaintiff must be proved as any other fact by a preponderance of the evidence. Tirante v. Gulf States Utilities Company, 412 So.2d 128 (La.App. 1st Cir.), writ denied 414 So.2d 389 (La.1982). See also McInnis v. Fireman’s Fund Insurance Company, 322 So.2d 155 (La.1975). In the case of an inmate plaintiff, the State has the burden of proving that the prisoner had failed to exercise care commensurate with the hazard he faced. Lee v. State Through the Department of Institutions, 294 So.2d 553 (La.App. 1st Cir.1974). We find that the State did not carry its burden in this case.
Louisiana courts have acknowledged that an employee is not entirely free to avoid known risks; he cannot simply decide not to do the work without perhaps subjecting himself to loss of his job. Chaney [v. Brupbacher, 242 So.2d 627 (La.App. 4th Cir.1970)], supra. The standard for contributory negligence on the part of an employee was enunciated in Miller v. Employers Liability Insurance Company of Wisconsin, 349 So.2d 1353, 1362 (La.App. 2nd Cir.), writ denied 352 So.2d 235 (La.1977):
Emerging as criteria for determining an employee’s contributory negligence are: (1) relative knowledge of the danger by the supervising employee and the injured employee; (2) relative control over the employee’s situation; (3) the degree to which the employee’s conduct is voluntary on his part; (4) alternatives available to the employee; (5) obviousness of the danger; and (6) relative ability to eliminate the danger.
‘(T)he standard of care imposed on the workman is less stringent than in ordinary cases where contributory negligence is at issue because the employee at times must involve himself in known hazardous endeavors in order to retain em *1019 ployment.’ Martinez v. U.S. Fidelity and Guaranty, 412 So.2d 109, 112 (La.App. 4th Cir.), amended and aff’d 423 So.2d 1088 (La.1982). The utilization of this less stringent standard is seen in cases such as Martinez. In that case this Court held that a plaintiff worker, who had been informed on several occasions of the dangers presented in her work area by electric cords extending across walkways, was not contributorily negligent in tripping over one of the cords.
An inmate, in particular, is not in a position to refuse to perform a job known to be dangerous. See Stilley v. State, 376 So.2d 1007 (La.App. 1st Cir.1979), writ refused, 378 So.2d 1389 (La.1980). An inmate has far less freedom of choice; he is subject to disciplinary measures if he refuses to do what he is told.”
We too find that the Sheriff failed to carry his burden in this case. The Sheriff asserts that plaintiff was negligent in two regards: (1) in riding with his feet dangling; and (2) in riding atop the crate. The weight of the testimony establishes that plaintiffs feet were not dangling from the trailer, but that plaintiff was seated wholly within the bed of the trailer. Plaintiffs position atop the crate was not shown to be more risky than sitting on the bed of the trailer. Plaintiffs decision to sit on the crate was reasonable under the circumstances. Defendant did not prove that the inmate failed to exercise care commensurate with the hazard he faced. Brewington, 447 So.2d 1184; Turner, 333 So.2d 310; Lee, 294 So.2d 553. Defendant’s reliance on Evans v. Travelers Insurance Company, 351 So.2d 783 (La.App. 1st Cir.1977), is misplaced. In that case the injured prisoner was an outrider on a tractor. He was precariously perched on the front fender of the moving vehicle, a patently unreasonable position.

Assignment of Error Number Two

Defendant asserts that the trial court erroneously accepted plaintiffs testimony as credible. The trial court’s role in assessing a witness’s credibility, while not sacrosanct, is well founded and deeply rooted. We detect no abuse of the trial court’s great discretion in this matter. See Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300, 301 (La.1979); Young v. State Farm Fire & Casualty Company, 511 So.2d 15 (La.App. 3d Cir.1987).
For the above and foregoing reasons, the judgment of the trial court is affirmed at defendant’s cost.
AFFIRMED.