292 So.2d 793 (1974)
Joseph H. BOYD
v.
DEPARTMENT OF CORRECTIONS, State of Louisiana.
No. 9766.
Court of Appeal of Louisiana, First Circuit.
March 18, 1974.
*794 James A. Wood, Baton Rouge, for appellant.
Stanford O. Bardwell, Jr., and Robert C. Funderburk, Jr., Baton Rouge, for appellee.
Before LANDRY, BLANCHE and VERON, JJ.
LANDRY, Judge.
This personal injury suit arises from an accident which occurred at Louisiana State Penitentiary, Angola, Louisiana, in which plaintiff, an inmate of the penitentiary, sustained severe injuries to his left hand. Plaintiff appeals from a judgment dismissing his action upon defendant's affirmative defense of contributory negligence. We affirm.
On December 12, 1970, plaintiff was assigned to work at the sugar refinery operated at the penitentiary. Plaintiff's task was to keep sugar cane and debris from accumulating beneath the conveyor belt of the carrier which transported sugar cane from an outside carrier loading platform into the mill. The loading platform was approximately two feet above ground level. From this height, the carrier rose gradually to a height of about 30 to 40 feet above the ground at which point the sugar cane actually entered the mill where the grinding process began. To accomplish his assigned duties, plaintiff was furnished with a rake, a semi-high pressure hose and a wheelbarrow. Using these tools, plaintiff could either rake sugar cane from beneath the conveyor or wash debris away into a ditch located beneath the carrier.
The accident occurred early in the morning of the above mentioned date. At the time, plaintiff was working alone on the carrier near the loading platform, having commenced work before daylight. Shortly after plaintiff arrived on the job, he sustained a crushing type injury to his left hand. The accident occurred when the conveyor belt started up again after having been stopped due to some unknown condition which arose within the mill proper. When injured, plaintiff was holding on to the conveyor with his left hand for support while cleaning beneath the carrier with his right hand. The carrier started up again with plaintiff in this position. Plaintiff's left hand was engaged by the conveyor belt and badly mangled.
Plaintiff was the sole witness to the accident. He stated that when the conveyor stopped, he decided to pull some of the accumulated debris from beneath the conveyor with his hands. To do so, he stooped down under the belt at a point where it was about four feet above the ground. He took hold of the belt with his left hand for balance and began clearing away the debris with his right hand. Suddenly the conveyor started again without warning, pulling his hand into the machinery.
The record discloses that standard operating procedure at the mill calls for a whistle to be blown twice outside the mill before the conveyor is restarted after having been stopped, to warn persons working on the carrier. Plaintiff testified, however, that on this occasion, no such warning was given. He stated the conveyor was suddenly started without warning, and his hand was unexpectedly pulled into the belt.
Plaintiff's job consisted of raking below the carrier with a rake and carting away the debris with a wheelbarrow, or simply washing away any accumulation into the ditch below the carrier by using a water hose provided for that purpose.
Alvin Whitstine, Chief Engineer at the refinery, testified that safety instructions were given each employee prior to commencing work. He stated that plaintiff was given the necessary tools with which to work, and there was no reason for plaintiff to ever put his hands on the conveyor itself. Whitstine and other employees also testified the warning whistle was blown twice before the carrier was started up again after having been stopped. Although Whitstine was not present when *795 plaintiff was injured, the plain import of his testimony is that he had every reason to believe the warning was given on the occasion in question.
It is axiomatic that, to prevail in a tort action, a party alleging negligence must prove it by a fair preponderance of the evidence. Mere speculation, suspicion or probability does not constitute a proper basis to sustain an award of damages. Haymark and Sons, Inc. v. Prendergast, 268 So.2d 110 (La.App. 3rd Cir. 1972), and authorities cited therein. The record before us compels the conclusion that plaintiff has failed to establish negligent conduct on the part of the defendant or its agents. The supervisory personnel affirmed that the whistle warnings were always given prior to the starting of the conveyor belt. Plaintiff was furnished tools with which to perform his duties. We think it is clear that the placing of his hands upon the conveyor belt was absolutely unnecessary in the performance of his duties.
Irrespective of whose account of the incident is accepted in this case, we find that plaintiff's contributory negligence bars his recovery herein.
By plaintiff's own admission, he appreciated the danger that existed when he put his hand on the belt and "took a chance" that it would not start before he could remove it. In this regard, we note the following pertinent testimony of plaintiff:
"Q Now if you had your hand there on that wheel and you knew what would happen if it started up again, then why did you have your hand on the wheel?
A I had my hand on the wheel to keep from falling.
Q Not to keep from fallinglet's see if I can clear up my question a little better. To the best of your knowledge that machine could have started up at any time?
A Right.
Q It could have started up while you had your hand on the wheel?
A Right.
Q And you knew what would happen to your hand if it was in it when it was started?
A Yes.
Q And you did it anyway?
A I didn't do it deliberately, if this is what you're saying.
Q No, I'm not talking about doing it deliberately, but you knew what would happen if you went ahead and put your hand on there just taking a chance that it wouldn't start up, though?
A I thought I would be finished before it started again.
Q You took a chance?
A I took a chance."
It is well settled that when a person leaves a position of safety, and places himself in a position of known danger, and is injured by one of the risks of which he has full knowledge, he has assumed the risk of that danger and is guilty of contributory negligence. Gantt v. Brown, 191 So.2d 793 (La.App. 2nd Cir. 1966) and authorities cited therein.
By his own admission, Boyd unfortunately placed himself in a position of danger of which he was fully aware, after leaving a position of safety. His claim for damages must be denied, and the judgment of the district court affirmed in all respects, and at his cost.
Affirmed.