351 So.2d 788 (1977)
Jake B. REED
v.
STATE of Louisiana, Through the DEPARTMENT OF CORRECTIONS.
No. 11480.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
*789 William P. Brumfield, Baton Rouge, for plaintiff and appellant.
Marvin J. Montgomery, for defendant and appellee.
James B. Frederick, Jr., Baton Rouge, for third party defendant Sylvesters, Inc.
Donald T. W. Phelps, Baton Rouge, for third party defendant Ralide, Inc.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Plaintiff (Appellant), an inmate of Louisiana State Penitentiary, Angola, Louisiana, appeals from judgment dismissing his tort action seeking recovery for personal injuries sustained on horseback while assisting in loading a roped cow into a cattle trailer. Appellant was injured when his saddle pommel broke, struck him in the abdomen and caused him to fall from his horse to the ground. The State Through the Department of Corrections (Department) was named sole defendant. The Department third partied Sylvester Saddle and Leather Company from whom it purchased the saddle Appellant was using. Appellant did not join Sylvester as defendant. The trial court rejected Appellant's contention that the Department was negligent in either furnishing him a defective saddle or a saddle too light for the work involved, thereby subjecting Appellant to an unreasonable risk of harm. We affirm.
Appellant was 43 years old at the time of the accident which occurred April 30, 1971. He is an experienced cow hand, well versed in the handling of horses, cutting cows from a herd on horseback, roping cattle and loading animals into trucks and trailers for transportation. At 21 years of age, Appellant was sentenced to 10 years in the penitentiary. In 1969, he was sentenced again to prison. In each such incarceration, Appellant, because of his superior knowledge of horses and cattle, was placed in charge of the remuda used in the cattle raising operation at the penitentiary. His duties in this capacity included caring for the horses and their gear and the repair of saddles when necessary.
When the accident occurred, Appellant was astride a 1,200 pound horse. He was using a 32 foot long "unbreakable" nylon rope, which was secured to his saddle and wrapped around the saddle pommel. Appellant roped an 800 pound animal to load it onto a cattle trailer. Assisting Appellant was James Oliveaux, Assistant Farm Manager, Appellant's supervisor, who was also on horseback, and who also had a rope on the animal being loaded. In addition, two inmates on foot were helping in the loading.
*790 As Appellant's horse was straining forward to pull the animal into the trailer, Appellant's saddle pommel broke.
The testimony of Oliveaux, an experienced horseman, establishes that the saddle in question was one of about a dozen medium weight fiberglass saddles purchased by him for the Department, approximately one month prior to the accident. While admittedly not the best quality saddle available, it was of medium weight and quality, heavy enough for the work involved, and especially rigged for roping in that it had a double back girth and heavy under rigging. He bought the best available for the money allocated to him for the purchase of saddles. He conceded that his own saddle, made of leather, was the best money could buy and that he had bought his own with his personal funds. He explained that he purchased his own for what small extra measure of protection it afforded. He also explained that subject saddle was in good condition, but nevertheless saddles, including one such as his own, do sometimes break when used in roping animals.
From its purchase to the date of the accident, subject saddle was under Appellant's care, custody and control. Nevertheless, Appellant pointed to no defect in the quality of the saddle; neither did he establish any defect in its manufacture. In essence, Appellant maintains the saddle was unsafe because it was not of the best available quality and was too light for the work involved.
We agree that the Department owes prison inmates the duty of providing equipment which is safe for whatever tasks inmates may be required to perform. We do not, however, agree that the occurrence of an accident in a penal institution shifts the burden of proof to the institution merely because the institution furnishes gear or equipment. See Boyd v. Department of Corrections, 292 So.2d 793 (La.App. 1st Cir. 1974).
As did the trial court, we find no negligence or breach of duty by the Department in this instance. The record establishes that of the dozen or so similar saddles purchased at the same time as subject saddle, Appellant's saddle is the only one which broke. Moreover, the unrefuted testimony of Oliveaux establishes that the saddle was sufficiently heavy and rugged for roping cattle. That the saddle broke under such use does not imply or establish negligence on the part of the Department.
The judgment is affirmed at Appellant's cost.
Affirmed.