376 So.2d 1007 (1979)
William E. STILLEY
v.
STATE of Louisiana, etc.
No. 12818.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
Rehearing Denied November 29, 1979.
Writ Refused January 18, 1980.
*1008 Daniel E. Becnel, Jr., and Barry J. Landry, Reserve, of counsel, for plaintiff-appellee, William E. Stilley.
Archie Perry, Baton Rouge, of counsel, for defendant-appellant State of Louisiana, through the Dept. of Corrections, et al.
Before LANDRY, EDWARDS and LEAR, JJ.
LEAR, Judge.
This matter is before this court as an appeal from a judgment of the District Court rendered on August 2, 1978 in favor of plaintiff and against the State of Louisiana in the amount of Fifty thousand and No/100 ($50,000.00) dollars.
The original petition was filed on August 19, 1974, and after numerous pleadings and counter-pleadings was tried in the District Court before the trial judge, without a jury, as required by law.
Briefly, the facts show that plaintiff was an inmate at Louisiana State Penitentiary on May 6, 1974 assigned to work in the A.S. and R. Garage repairing heavy truck tires. A lock rim on one of the tires was defective, but since the trucks were on loan from the State National Guard there were no replacement parts and consequently plaintiff was told to use the lock rim as best he could. Shortly thereafter the tire exploded causing severe injuries to plaintiff particularly in the facial area.
The trial judge gave a lengthy resume of the facts as he found them and concluded that the plaintiff was entitled to recover damages, primarily because the plaintiff, as an inmate, was not in a position to refuse to perform a job known to be dangerous. A careful review of the record, including the expert testimony concerning the danger involved in repairing this type of truck wheel, supports the findings of the trial Court and his judgment will not be disturbed.
The trial Court described the injuries suffered by plaintiff as follows:
"Plaintiff was struck a violent blow to the right side of the face extending from his mid-nose line under the entire length of his eye. He was treated at the hospital at Angola on an emergency basis and then was transported to Earl K. Long Hospital in Baton Rouge where he was treated by Dr. Karl E. Lind, an oral surgeon. Dr. Lind's diagnosis was facial lacerations, right trimalar fracture, blowout fracture of the right orbital floor and a comminuted nasal fracture. Surgery was undertaken and consisted of an open reduction and internal fixation of the right trimalar fracture, and a Caldwell-Luc in *1009 the right buccal. A closed reduction of the nasal fracture was performed and two teeth were extracted. Dr. Lind felt that plaintiff's convalescense was moderately difficult because of his low pain tolerance and prolonged analgesic medication following surgery. Dr. Lind found it necessary to treat him much longer than normal because of this fact. He said that plaintiff suffered anesthesia of the right infraorbital nerve which continued after his discharge from the hospital.
Plaintiff testified that he has had problems with his sinus and his teeth since the date of the accident, has no tear drain and for about two and one-half years had no taste or smell sensation. Reconstructive surgery would be required to repair plaintiff's tearing problems. Dr. Lind also felt that there would be residual nasal deformity because of the nasal injuries.
Plaintiff admitted that he lost very little work as a result of the accident. Dr. Lind was of the opinion that he would have no permanent inability to perform work except in a chemical industry which required the use of smell.
Plaintiff's continuing problems are the facial anesthesia of the infraorbital nerve, chronic sinusitis and nasal obstruction. These problems require reconstructive surgery which will be helpful to a degree, but plaintiff's problems will probably be permanent in nature.
Dr. Willis Warrender, a dentist, also testified by deposition. He saw plaintiff on December 26, 1972, when he removed two upper teeth, Numbers Seven and Eight. Inasmuch as teeth Nine and Ten had been lost in the accident, he prepared a fixed bridge which he seated on September 17, 1975. Dr. Warrender said that it was impossible to replace the two teeth which were moved as a result of the accident without also replacing the two that he removed because they were abuttment teeth."
The trial Court awarded plaintiff the sum of Fifty thousand and No/100 ($50,000.00) dollars together with legal interest from date of judicial demand until paid; defendant to pay all court costs.
Considering the gravity of the injuries suffered by plaintiff, we cannot say that the trial judge abused his discretion in the fixing of quantum.
Therefore the judgment of the trial court is affirmed; appellant to pay all costs which may legally be assessed against the State.
AFFIRMED.