LEAR, Judge.
Plaintiff-appellee, Henry Bridgewater (Bridgewater), an inmate at the Louisiana State Penitentiary (LSP) at Angola, Louisiana, filed suit against defendant, State of Louisiana through the Department of Corrections (the Department), seeking damages for injuries he sustained at LSP. After a trial on the merits before a commissioner of the Nineteenth Judicial District Court, judgment was rendered by the district court in favor of plaintiff in the amount of $5,000.00. From that judgment, defendant has appealed.
Plaintiff normally performed janitorial tasks. On Sunday, February 18, 1973, plaintiff was ordered to work in the license tag manufacturing plant at the prison. At that time an LSP employee instructed plaintiff to use a sheet metal shear[1] to cut *1216 cardboard backing, which was used in the shipment of finished license plates. Plaintiff complained to the supervising employee that this was not his job. The LSP employee then informed plaintiff that he had no one else to do the work, because it was not a regular work day, and again instructed plaintiff to begin operating the machine. Plaintiff complied. At some later time a piece of cardboard became stuck in the machine. In attempting to dislodge the cardboard, plaintiff put his hand under the cutting blade and somehow accidentally struck the foot bar, which activated the machine and amputated two of his fingers on his left hand.
Without objection, the commissioner inspected the machine which injured plaintiff. However, plaintiff objected to certain aspects of his re-examination after the demonstration. He further objected to the testimony of a witness concerning the present day operation of the machine. Defendant assigns the sustaining of these objections as error by the commissioner.
At trial, plaintiff was subjected to both direct and cross examination. At the time plaintiff was excused, defendant’s attorney stated that:
“I would like to reserve Mr. Bridgewa-ter subject to recall him concerning some things that we may bring out in the visit to the metal tag plant once the court has viewed the machine.” [Emphasis supplied.]
Upon being recalled, defendant attempted to question plaintiff concerning his operation of the machine at the time he was injured, rather than concerning facts which were brought out by the court’s inspection of the machine. Plaintiff objected to this recross examination and his objection was sustained.
We find that the commissioner was correct in sustaining this objection. Defendant had ample opportunity to and did question plaintiff when he was initially called as a witness. Further, his reservation of his right to recall plaintiff only concerned testimony as to facts which may have been brought out by the court’s inspection. As defendant’s questions were not within the scope of his reservation, and plaintiff had previously been examined concerning his knowledge and operation of the machine, we find that the commissioner did not abuse his discretion in excluding this testimony.
Defendant further assigns as error the commissioner’s refusal to allow a witness, Mr. McKenzie, to testify concerning the present day operation of the machine. We find, however, that the commissioner did not abuse his discretion in disallowing the testimony of Mr. McKenzie.
Defendant argues that McKenzie’s testimony was necessary to inform the commissioner of the basic operation of the machine, including the location and use of the on-off switch and the foot bar. It is obvious from the record that the commissioner’s inspection of the machine adequately informed him of its basic operation and the location of these things. We, therefore, find that Mr. McKenzie’s testimony in this regard was unnecessary.
Plaintiff further objected to Mr. McKenzie’s testimony concerning the amount of pressure required on the foot bar in order to activate the machine. In objecting to this testimony, plaintiff argued that testimony as to the present day operation of the machine should be excluded because of the possibility that the machine had been altered since the time of plaintiff’s accident and, therefore, its present day operation was not relevant in proving facts concerning its operation at the time of plaintiff’s accident. Unfortunately, defendant did not make a proffer of this testimony, as he had a right to do. Had he done so, he may have been able to lay a proper foundation in order to show that the machine’s present day operation presently demonstrated its operation at the time of the accident. *1217 However, as plaintiff did not make a proffer of this testimony, his argument is conjectural and we are unable to determine from the record whether this testimony should have been admitted. From the record which is before us, we do not find that the commissioner abused his discretion in disallowing this testimony.
Defendant next assigns error to the commissioner’s finding of liability and plaintiff’s freedom from contributory negligence.
An employer is under a duty to provide its employees with a reasonably safe place to work. This would include equipment used in connection with that work. LSA-R.S. 23:13; Lytell v. Hushfield, 408 So.2d 1344 (La.1982). Further, the department owes prison inmates the duty of providing equipment which is safe for whatever tasks inmates may be required to perform. Reed v. State, Department of Corrections, 351 So.2d 788 (La.App. 1st Cir.1977).
The evidence indicates that the metal shearing machine was designed to be used with and was manufactured and delivered to LSA with a guard which allowed only a one-quarter inch opening to the blade. Without the guard, a space of two and one-half inches is available. The record further indicates that the guard was removed from the machine after it was delivered to and while in the custody of LSP. The guard was removed by the department so that the shear could be used to cut cardboard. We find from the record that this guard was designed to prevent and would have prevented the type of injury suffered by plaintiff. Thus, we agree with the commissioner’s finding that the department was negligent in removing the guard.
The last issue raised by defendant is that of plaintiff’s contributory negligence.
Contributory negligence must be determined in the light of the circumstances of each case. Harris v. Gulf States Utilities Co., 391 So.2d 1270 (La.App. 1st Cir.1980). The record indicates that plaintiff had used this machine on a number of prior occasions and had, in fact, operated it on that day for some time prior to the accident. The record is also clear that it was plaintiff’s foot which struck the control bar and activated the cutting blade. From the record, we find that plaintiff was aware of the operation of this machine and of its essentially dangerous nature and that plaintiff was negligent in allowing his foot to come in contact with the bar and activate the cutting blade.
While the commissioner found that the defense failed to establish any contributory negligence by plaintiff, we find from a reading of the record as a whole that plaintiff’s negligence contributed to his injuries and the conclusion to the contrary by the commissioner is clearly wrong and must be reversed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the foregoing reasons, the judgment appealed from is hereby reversed and judgment is hereby rendered in favor of defendant, the State of Louisiana through the Department of Corrections, dismissing plaintiff’s suit. All costs, both at trial and on appeal, are to be paid by plaintiff-appel-lee, Henry Bridgewater.
REVERSED AND RENDERED.

. In his report, the commissioner described the machine as follows:
“The shears are a large machine containing a stationary blade or cutting edge and a *1216 second moving blade which is activated by a large bar beneath the machine. Stepping on the bar causes the cutting blade to drop, cut whatever is beneath it and return to its position.”