434 So.2d 383 (1983)
Henry BRIDGEWATER
v.
STATE of Louisiana Through the DEPARTMENT OF CORRECTIONS.
No. 83-C-0072.
Supreme Court of Louisiana.
June 27, 1983.
Gregory F. Gambel, Cummings & Gambel, New Orleans, for applicant.
William J. Guste, Jr., Atty. Gen., Houston T. Penn, J. Marvin Montgomery, Asst. Atty. Gen., for respondent.
CALOGERO, Justice.
Plaintiff, Henry Bridgewater, an inmate at the Louisiana State Penitentiary at Angola filed suit against the State of Louisiana through the Department of Corrections, seeking damages for injuries he sustained at the penitentiary. Following a trial before a commissioner of the Nineteenth Judicial District, the district court rendered judgment for the plaintiff in the sum of $5,000.00. Defendant appealed. The court *384 of appeal, 422 So.2d 1214, reversed, upon finding plaintiff contributorily negligent. We granted plaintiff's application for writs.
Plaintiff was a porter responsible for janitorial duties at the prison license plate manufacturing plant. On Sunday, February 18, 1973, plaintiff was ordered by a Department of Corrections employee, one T. Jones, to use the sheet metal shearing machine to cut cardboard backing for use in the shipment of finished license plates.[1] Plaintiff protested, contending that operating the shearer was not part of his job. He did nonetheless do as he was told. During the cutting process the cardboard became lodged in the machine. As plaintiff leaned over the shearer in order to unjam the cardboard with his left hand, he accidentally struck a metal bar, the machine's operating control, which was located near his feet at the front and beneath the machine a few inches off the ground. That triggered the switch and activated the machine. The blade dropped and amputated two fingers at the knuckle on plaintiff's hand.
It is well established that an employer has an obligation to provide his employees with a working place and conditions which are reasonably safe considering the nature of the work. La.R.S. 23:13; Lytell v. Hushfiled, 408 So.2d 1344 (La.1982); Walker v. Graham, 343 So.2d 1171 (La. App. 3rd Cir.), writ refused 346 So.2d 213-14 (La.1977); Chaney v. Brupbacher, 242 So.2d 627 (La.App. 4th Cir.1970). The Department of Corrections owes prison inmates the duty of providing equipment and machinery which is safe for the tasks the inmates are required to perform. Reed v. State Through the Department of Corrections, 351 So.2d 788 (La.App. 1st Cir.1977).
We agree with the lower courts in their finding the Department of Corrections negligent. As the court of appeal found, the shearer was designed to be operated with a finger guard which would have prevented the injury which plaintiff suffered. According to the deposition testimony of Mr. Bob Joyce, a field service representative of the machine's manufacturer from 1955 to 1967, the machine had had the finger guard attached to it originally. This was evident, he urged, from the fact that the machine had holes not in use, placed in the shearer upon its manufacture for the sole purpose of attaching the safety device. At the prison no one could remember the use of a finger guard on the machine. It had evidently been removed. The safety device had been removed and had never been replaced.[2] Also plaintiff's operation of the dangerous machine was not under the supervision of a prison official. If the guard had not been removed or had it been replaced, the accidental injury could not have occurred. The accident was reasonably foreseeable since inmates were using the machine, unusually dangerous because of the absence of the safety device. The risk involved was within the scope of the duty owed by the defendant to the inmates. There existed an ease of association between the risk presented by defendant's actions under the overall circumstances and plaintiff's resulting injuries. See Hill v. Lundin and Associates, Inc., 260 La. 542, 256 So.2d 620 (La.1972).
We disagree, however, with the court of appeal's finding that plaintiff was contributorily negligent and that such contributory negligence was a proximate cause of his injuries. Contributory negligence is defined as plaintiff's conduct which falls below the standard of care to which he should perform for his own protection. The standard is determined by reasonableness of behavior under the circumstances. The party relying upon the contributory negligence defense has the burden of proving it. *385 Smolinski v. Taulli, 276 So.2d 286 (La.1973). See also Hall v. Hartford Accident and Indemnity Company, 278 So.2d 795 (La. App. 4th Cir.), writ refused 281 So.2d 753 (La.1973). Contributory negligence is a matter of fact to be determined in light of the circumstances of each case. Soileau v. South Central Bell Telephone Company, 406 So.2d 182 (La.1981). Contributory negligence is never presumed; such negligence on the part of the plaintiff must be proved as any other fact by a preponderance of the evidence. Tirante v. Gulf States Utilities Company, 412 So.2d 128 (La.App. 1st Cir.), writ denied 414 So.2d 389 (La.1982). See also McInnis v. Fireman's Fund Insurance Company, 322 So.2d 155 (La.1975). In the case of an inmate plaintiff, the State has the burden of proving that the prisoner had failed to exercise care commensurate with the hazard he faced. Lee v. State Through the Department of Institutions, 294 So.2d 553 (La.App. 1st Cir.1974). We find that the State did not carry its burden in this case.
Louisiana courts have acknowledged that an employee is not entirely free to avoid known risks; he cannot simply decide not to do the work without perhaps subjecting himself to loss of his job. Chaney, supra. The standard for contributory negligence on the part of an employee was enunciated in Miller v. Employers Liability Insurance Company of Wisconsin, 349 So.2d 1353, 1362 (La.App. 2nd Cir.), writ denied 352 So.2d 235 (La.1977):
Emerging as criteria for determining an employee's contributory negligence are: (1) relative knowledge of the danger by the supervising employee and the injured employee; (2) relative control over the employee's situation; (3) the degree to which the employee's conduct is voluntary on his part; (4) alternatives available to the employee; (5) obviousness of the danger; and (6) relative ability to eliminate the danger.
"(T)he standard of care imposed on the workman is less stringent than in ordinary cases where contributory negligence is at issue because the employee at times must involve himself in known hazardous endeavors in order to retain his employment." Martinez v. U.S. Fidelity and Guaranty, 412 So.2d 109, 112 (La.App. 4th Cir.), amended and aff'd 423 So.2d 1088 (La.1982). The utilization of this less stringent standard is seen in cases such as Martinez. In that case this Court held that a plaintiff worker, who had been informed on several occasions of the dangers presented in her work area by electric cords extending across walkways, was not contributorily negligent in tripping over one of the cords.
An inmate, in particular, is not in a position to refuse to perform a job known to be dangerous. See Stilley v. State, 376 So.2d 1007 (La.App. 1st Cir.1979), writ refused 378 So.2d 1389 (La.1980). An inmate has far less freedom of choice; he is subject to disciplinary measures if he refuses to do what he is told. Plaintiff was told to use the machine with the finger guard removed. He used the shearer, which lacked the safety device that would have prevented the unfortunate accident, to cut cardboard when the machine was designed to cut only metal. He did as he was told. Plaintiff did not ignore any verbal or posted warnings not to place his hands under the blade of the machine. He used the dangerous machine to do the job that he was ordered to do. When the cardboard became lodged, Bridgewater tried to remedy the situation in the only way he thought possible. He used his hands to remove the tangled pieces of cardboard. The commissioner, who personally examined the machine at the penitentiary, stated in his reasons that the risk of such an accident "could easily escape the attention of an untrained person." Plaintiff's routine job did not involve the use of the machine. According to Bridgewater's testimony, only because it was a Sunday and no one else was around did the task fall to plaintiff who was ordinarily the janitor. He was certainly not as familiar with the machine and the placement of the activating bar as those inmates who regularly ran the shearer. Under the evidence presented in this case, there is no *386 clear indication of negligence on the part of plaintiff.[3]
Unlike the plaintiff in Parker v. State, 353 So.2d 333 (La.App. 1st Cir.1977), writ denied 354 So.2d 1375 (La.1978), Bridgewater did not voluntarily and on his own initiative decide to use the shearer. He was ordered to use the metal cutting machine to cut cardboard. He was not contributorily negligent for following orders. Unlike the plaintiff in Boyd v. Department of Corrections, 292 So.2d 793 (La.App. 1st Cir.1974), Bridgewater did not take any chance in the operation of the machine. Unlike the plaintiff in Veal v. State, Department of Institutions, 232 So.2d 910 (La.App. 1st Cir.1970), Bridgewater was not "playing a game" with the shearer. He accidentally tripped the trigger bar which was at his feet and obscured from his view as he leaned over to pull out the lodged piece of cardboard.
We therefore find that plaintiff was not contributorily negligent. Accordingly, we reverse the judgment of the court of appeal and reinstate the district court judgment awarding plaintiff $5,000.00.

Decree
For the foregoing reasons, the ruling of the court of appeal is reversed and the district court judgment is reinstated.
COURT OF APPEAL JUDGMENT REVERSED; DISTRICT COURT JUDGMENT REINSTATED.
NOTES
[1] In his report Commissioner Bergeron described the operation of the machine as follows:

The shears are a large machine containing a stationary blade or cutting edge and a second moving blade which is activated by a large bar beneath the machine. Stepping on the bar causes the cutting blade to drop, cut whatever is beneath it and return to its position.
[2] In his deposition, Mr. Joyce, the manufacturer's representative, stated that finger guards for that type of machine were always readily available.
[3] Since this Court finds no contributory negligence, we pretermit discussion of the other arguments raised by plaintiff in brief.