SAVOIE, Judge.
Plaintiff, Eugene Dawson, an inmate at the Louisiana State Penitentiary at Angola, appeals the dismissal of his suit against the State of Louisiana, through the Department of Corrections, for work-related injuries he sustained at the penitentiary.
Plaintiff was the operator of a blanking machine at the Tag Plant on January 6, 1977, when he injured two fingers on his left hand while trying to repair the machine.
The blanking machine is used to cut sheet aluminum in designated sizes to be used for license plates. It is powered by electricity and compressed air. Electrical power to the blanking machine is controlled by a switch located on a wall approximately 20 to 30 yards from the machine. Once the electricity is turned on, an inmate pushes the foot pedal to activate the machine. This causes a blade to fall, cutting the sheet aluminum being fed into the machine. With the foot pedal down, the blade goes up and down at intervals so that the proper license plate size is cut.
On the day of the accident, plaintiff placed a weight on the foot pedal to activate the cutting process. He was feeding the sheet aluminum when the machine jammed, causing a bolt in the machine to break. Plaintiff removed the weight from the foot pedal, pulled the broken bolt and was in the process of inserting a new bolt when the shaft fell, crushing his fingers.
A hearing was held before a commissioner of the Nineteenth Judicial District Court. After reviewing the hearing record, each party’s brief, and the commissioner’s recommendation, the trial judge found the machine to be defective. He further found that plaintiff was contributorily negligent and that such negligence was a bar to recovery. Accordingly, plaintiff’s suit was dismissed at his cost. Plaintiff appeals the judgment.
On appeal, plaintiff alleges that the district court erred:
(1) when it decided that plaintiff was contributorily negligent and such negligence barred his recovery; and
(2) in not granting judgment for plaintiff and not awarding damages for his physical damage, pain, and suffering, and loss of future wages.
The decision of the trial court in this case was based on a review of the record which is comprised of the transcript of testimony and evidence taken at the commissioner’s hearing. No new evidence was presented for the trial court’s consideration.
The general rule for appellate review of facts, manifest error as espoused in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), is not applicable in this type of case. The basis for the Arceneaux rule is that the trial court (trier of fact) had the opportunity to observe the demeanor of the witnesses as they testified. Since the trial judge decided this case on the record, this court is in as good a position to evaluate the credibility of the witnesses and to resolve conflicts as was the trial judge. When evaluating a record rather than live testimony, we must determine as a fund-mental function of a reviewing court, the sufficiency and preponderance of the evidence. See Gould v. State of Louisiana, through the Department of Corrections, 435 So.2d 540 (La.App. 1st Cir.1983), writ denied, 438 So.2d 1107 (La.1983).
An employer has an obligation to provide its employees with a reasonably safe place to work. La.R.S. 23:13. The Department of Corrections owes prison inmates a similar duty to provide machinery and equipment which are safe for the tasks inmates are required to perform. Bridgewater v. State, through the Department of Corrections, 434 So.2d 383 (La.1983), and Gould v. State, through the Department of Corrections, supra.
It is clear from the record that the blanking machine, which has since been replaced, would occasionally jog up and down several times with the foot pedal off. The record reveals that this would occur several times a week. Further, the record is silent as to *359 any attempt by the Department of Corrections to correct this malfunction. Both the hearing officer and the trial court found that the machine was defective. We agree with that conclusion.
Contributory negligence is defined as conduct which falls below the standard of care to which one should perform for one’s protection. Contributory negligence is determined by reasonableness of behavior under the circumstances. Bridgewater, supra.
Considering the circumstances of this case, we note the following facts. Plaintiff had worked with this machine from 1973 until January, 1977, without receiving any formal instructions on operation, repair or safety procedures. At the time of the accident, he was subject to the normal restraints of an inmate worker. When the machine broke, he attempted to repair it as was expected of the inmates. He knew of the machine's tendency to jog up and down, but did not turn the electrical power off at the wall switch. The power was turned off only when the inmates left for lunch and at the end of the day. The machine was also powered by an air compressor which furnished power to several other machines. In attempting the repair, plaintiff received assistance from his supervisor who neither turned the power off nor instructed plaintiff to turn it off.
From the foregoing facts, we find that plaintiff was not contributorily negligent. Plaintiff, in attempting to repair the machine, acted in the manner expected of him as an inmate. Any different actions would have subjected him to the displeasure of his superiors. We find unpersuasive the State’s contention that the accident would have been avoided had plaintiff turned the electrical power off at the wall switch since that would not have disengaged the air compressor which also powered the machine. Under those circumstances, we cannot find that plaintiff was contributorily negligent.
The hearing officer in this matter, Commissioner Norbert Rayford, made the following findings as to damages:
“Plaintiff testified that he experienced pain from the injury for about a month afterwards; that he had two (2) operations on his hand; that there is soreness and tenderness even now where the joint was fused; that he missed about a month to four (4) months of work and [sic] two (2) cents per hour; that he was put on light duty status after the accident but doing the same work; that he was a manual laborer before coming to prison; that he could not make a complete fist with the left hand; and, that he could lift weights under fifty (50) pounds and use tools without difficulty.
“Dr. Rave Fletes, the medical doctor at Angola, testified that plaintiff should have had no pain after the operation of fusion; however, that plaintiff complained of pain and there will be slight pain from the scar tissue around the digital nerve.
“The awarding of damages here is basically up to the discretion of the Court. A recommendation might be:
“Past pain and suffering. $2,500.00
“Future pain and suffering. 1,000.00
“Loss [sic] wages. 20.00
“Future wages . .00
“Physical damage. 5,000.00
“Total . $8,520.00
“These figures are based, respectively, upon the fact that plaintiff no doubt experienced pain at the time of the injury and during the operations; that there is and will be slight pain around the scar tissue; that plaintiff missed about four (4) months of work (he was working at time of the accident and no reason was presented that he would not have continued had the accident not occurred); plaintiff is still able to perform manual labor without difficulty and the injury should not affect his future earning capacity; and, that he does have partial loss of the fingers with resulting disfigurement.”
We find no error as to the commissioner’s findings on damages and adopt same as our own. Further, we accept Commis *360 sioner Rayford’s recommendations as to the amount of the award.
For the above and foregoing reasons, the judgment of the trial court is reversed and judgment is hereby rendered in favor of plaintiff, and against the State of Louisiana, through the Department of Corrections, in the amount of $8,520.00, together with interest from date of judicial demand. Costs are to be borne by the State of Louisiana, through the Department of Corrections, in the amount of Six hundred sixty-six and 22/ioo ($666.22) Dollars.
REVERSED AND RENDERED.