ALFORD, Judge.
Plaintiff, Adam Leonard, an inmate in the Louisiana State Penitentiary, sued the State of Louisiana, through the Louisiana Department of Corrections (D.O.C.), Warden Frank Blackburn, and Middleby-Mar-shall Oven Company (Marshall) for injuries sustained as the result of a “flashback” gas explosion on July 24, 1980. Following a trial without jury, judgment was rendered against D.O.C. and in favor of Leon *827 ard in the amount of $101,700.00. Defendants Blackburn and Marshall were dismissed from the suit; thus, only Leonard and D.O.C. are before this court.
Leonard was injured while performing his assigned job of oven operator and baker at the prison’s main bakery kitchen.[1] Leonard entered the hallway between two ovens, heard a hissing noise and stopped. One of the ovens exploded, injuring Leonard. The oven which was the source of the explosion was manufactured by Marshall, but had been modified by workers at the prison. The trial court adjudged the D.O.C. strictly liable under LSA C.C. art. 2317.
On appeal, Leonard urges that the amount of the award was insufficient and that the trial court erred in its assessment of damages. D.O.C. also appeals, urging five specifications of error, as follows: (1) the trial court erred in denying D.O.C.’s exception of no cause of action, (2) the trial court erred in denying D.O.C.’s exception of no right of action, (3) the trial court erred in vesting liability against D.O.C. under LSA C.C. art. 2317, (4) the trial court erred in not finding Leonard’s actions to have consisted of contributory negligence, victim fault or assumption of the risk, and (5) the trial court erred as a matter of fact and law as to the extent of damages, the amount of quantum, and the specific awards given.
D.O.C.’s first three assignments of error question whether the trial court was legally incorrect in finding D.O.C. liable under LSA C.C. art. 2317. However, we find it unnecessary to decide that issue because D.O.C. in its brief admits that “[t]he evidence indicates that the D.O.C. was negligent as a matter of fact.” Additionally, our own careful review of the record convinces us that D.O.C. was clearly negligent. As noted in Bridgewater v. State Through Dept. of Corr., 434 So.2d 383, 384 (La.1983):
It is well established that an employer has an obligation to provide his employees with a working place and conditions which are reasonably safe considering the nature of the work. La.R.S. 23:13; Lytell v. Hushfield, 408 So.2d 1344 (La.1982); Walker v. Graham, 343 So.2d 1171 (La.App. 3rd Cir.), writ refused 346 So.2d 213-14 (La.1977); Chaney v. Brupbacher, 242 So.2d 627 (La.App. 4th Cir.1970). The Department of Corrections owes prison inmates the duty of providing equipment and machinery which is safe for the tasks the inmates are required to perform. Reed v. State Through the Department of Corrections, 351 So.2d 788 (La.App. 1st Cir.1977).
The trial court found as fact that over a period of time D.O.C. had made extensive changes in the burner system of the oven, and that the most critical change was the alteration of the blower. The record shows that the modifications had the effect of terminating the safety systems which had been built into the oven. Expert testimony clearly indicated that modification of the safety systems created a dangerous situation at the oven site. D.O.C. does not dispute these findings.
The risk of injury to inmates was reasonably foreseeable because inmates were using an oven which had become unusually dangerous due to the absence of safety devices in a volatile setting. This risk was within the scope of the duty owed by D.O.C. to inmates. Accordingly, we find that the evidence establishes that D.O.C. was negligent.
D.O.C. next argues that Leonard’s actions consisted of fault sufficient to bar his recovery. We disagree. Contributory negligence is never presumed but must be proved as any other fact by a preponderance of the evidence. Tirante v. Gulf States Utilities Co., 412 So.2d 128 (La.App. 1st Cir.), writ denied, 414 So.2d 389 (La.1982). Where contributory negli *828 gence is an issue, the standard of care imposed on a workman is less stringent than in ordinary cases because the employee at times must involve himself in known hazardous endeavors in order to retain his employment. An inmate, in particular, is not in a position to refuse to perform a job known to be dangerous. Further, an inmate has far less freedom of choice; he is subject to disciplinary measures if he refuses to do what he is told. Bridgewater, 434 So.2d at 385. D.O.C. argues that Leonard contributed to his injury by entering the hallway between the ovens to retrieve his gloves. However, it is clear from the record that it was a common practice, known to prison officials, for the workers to keep their oven gloves in the hallway. We are of the opinion that under the facts of this case it would be unreasonable to find Leonard negligent for following a standard procedure of operations. See Lytell v. Hushfield, 408 So.2d 1344 (La.1982). Leonard was merely performing his job in the manner which was customary in the situation and which was known to prison officials. Further, D.O.C. has failed to show that Leonard assumed the risk of his injury. It is fundamental that, in order to assume a risk, one must knowingly and voluntarily encounter a risk which caused him harm, and must understand and appreciate the risk involved and accept it as well as the inherent possibility of danger because of the risk. 408 So.2d at 1348. Leonard had been told on the morning of the accident that the oven was repaired and was safe for his use. Leonard cannot be held to understand the technical complexities of the modifications made to the oven, thus, he could not have appreciated the risk. Therefore, we are convinced that the trial court was not clearly erroneous in its finding of fact that plaintiffs actions did not contribute to the occurrence of the accident. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Both Leonard and D.O.C. appeal the trial court’s award of $101,700.00 in damages. D.O.C. contends it was too high, and Leonard argues that it was insufficient. Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to pri- or awards, but to the individual circumstances of the present case. Thus the initial inquiry must always be directed at whether the trial court's award for the particular injuries and their effects upon this particular injured person is a clear abuse of the trier of fact’s “much discretion” under LSA C.C. art. 1934(3). Only after such determination of abuse has been reached is a resort to prior awards proper for purposes of then determining what would be an appropriate award for the present case. Reck v. Stevens, 373 So.2d 498 (La.1979).
Leonard received primarily first and second degree burns on his forearms and part of his upper arms. There is also some scarring present on his left arm at the elbow, and his lower back. Third degree burns to the lower chest area extending around to his left side resulted in the worst scarring on Leonard’s body. Leonard testified that facial scars could be seen only by close examination. Leonard underwent whirlpool baths and debridement treatment on a daily basis during his inpatient hospitalization of approximately thirty days. Similar treatment continued on an outpatient basis for approximately thirty to forty days thereafter. Leonard testified at trial that his present condition is such that when he is “perspiring a lot” he suffers from a “stinging feeling.”
After hearing the testimony of plaintiff and reviewing the evidence as a whole, the trial court found as fact that following surgical procedures, Leonard will be left with no significant work disability. The trial court found that:
Such surgery would take five separate procedures done over a years time and would cost no less than $20,000.00. Plaintiff would largely be unable to work during this time. The evidence establishes that he would be able to earn minimum wages if working. Therefore, [this] court [awards] the costs of the surgery, $6,500.00 for loss of earnings, *829 $15,000.00 for future pain and suffering while undergoing the remedial surgical procedures and $2,200.00 for disfigurement remaining after completion of the surgery. The court found that $58,-000.00 adequately compensated plaintiff for the pain and suffering he experienced as a result of the injuries he received from the fire.
After a careful review and evaluation of the record, we are convinced that the trial court was not clearly wrong in its factual determination of the extent of Leonard’s injuries. Arceneaux, 365 So.2d 1330. Therefore, we cannot say that the trier of fact abused its “much discretion” in determining the appropriate award in this case.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal in the amount of $990.00 are to be paid by the State of Louisiana, through the Department of Corrections.
AFFIRMED.

. Louisiana Worker’s Compensation Act is not applicable. Jones v. Houston Fire and Casualty Co., 134 So.2d 377 (La.App. 3rd Cir.1961).