488 So.2d 468 (1986)
David Russell ROY, Plaintiff-Appellee,
v.
C. Paul PHELPS, et al., Defendants-Appellants.
No. 85-347.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1986.
Joseph Erwin Kopsa, Staff Atty., Baton Rouge, for defendants-appellants.
*469 Steven C. Graalmann, of Percy, Smith & Assoc., Alexandria, for plaintiff-appellee.
Before KNOLL, KING and BRUNSON,[*] JJ.
KNOLL, Judge.
The Louisiana Department of Corrections (hereafter DOC) and the Louisiana National Guard (hereafter LNG) appeal the $55,000 award of damages to David Russell Roy. The trial judge found DOC and LNG negligent in assigning Roy to heavy duty work when he was still complaining of back pain. DOC and LNG contend that the trial court erred: (1) in making its factual determination that Roy reinjured his back while lifting heavy objects; and (2) in concluding the State breached its duty to investigate Roy's injury. Roy answered the appeal seeking an increase in the damage award. We affirm.

FACTS
In 1979 Roy was sent to DOC's Work Training Facility North to serve a term of imprisonment for animal theft. As part of his incarceration he was assigned to Range Central at Camp Beauregard, Louisiana where he performed manual labor under the control of LNG.
While performing his duties as a truck driver at Range Central in late December 1979, Roy slipped into the bed of his dump truck while he was washing it with a high pressured hose. When he returned to the work training facility suffering from low back pain, he was taken to Charity Hospital where he was given medication to relieve the back pain, and was placed on no duty status for one or two weeks. During that time, in addition to his medication, he was confined to bed and applied a heating pad to his back. On the morning his no duty status expired, Roy overslept missing the 5:30 a.m. sick call. When Roy reported to the infirmarian seeking additional medical attention for his back, he was told he could either return to full duty work or be put in lockdown for disobedience. Roy chose to return to work.
At Range Central, Roy reported for full duty work and was assigned to build a retaining wall which entailed digging post holes and lifting crossties. At the conclusion of that day's work, Roy suffered severe back pain with burning and numbness in the right leg. That evening he was taken to Charity Hospital and, because of his back pain, he was not placed on regular duty work status.
Because of Roy's inability to perform manual labor, he was transferred to Hunt Correctional Institute. There he was sent to Charity Hospital in New Orleans where diagnostic tests revealed he suffered a herniated disc. In December 1980 Roy underwent a laminectomy operation to remove the disc at the L4, 5 level.
Roy was released from prison in May 1981, and enrolled in USL where he was due to graduate with a degree in animal science in 1985. Despite initial improvement of his back after surgery, at the time of trial he continued to experience severe pain from nerve root irritation in the lower back, and additional surgery was projected for him after college graduation.

STATE'S LIABILITY
The trial court concluded that Roy's return to regular heavy duty work immediately after his no duty status expired, without at least a minimal investigation of his complaints, exacerbated his back injury and, because of this, DOC and LNG were liable for Roy's injuries.
DOC and LNG contend the trial court erred in its determination that Roy reinjured his back on his return to regular work status. They argue Roy failed to prove that heavy lifting reinjured his back, and, even if that fact was proven, DOC and LNG had no legal duty to investigate Roy's complaints once they provided reasonable medical care.
*470 The trial judge's findings of fact and credibility determinations shall not be reversed unless they are manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
DOC and LNG argue that the only evidence that Roy was required to perform heavy lifting after the expiration of his no duty status was Roy's own self-serving testimony. We disagree. Roy's testimony was corroborated by the admissions of his work supervisor and the medical evidence. Sgt. Gunter, the LNG supervisor in charge of Roy at Range Central, testified that on Roy's return to duty he was assigned the task of constructing a retaining wall. Furthermore, on the very evening Roy worked on the retaining wall, the condition of his back deteriorated to such an extent that he was immediately taken to the hospital for medical treatment, and because of that injury he was not assigned to full duty work status. Roy's testimony regarding the connexity between his last day's labor and his back injury is uncontradicted; therefore, we will not disturb this determination.
In connection with this contention defendants argue that Roy's failure to produce a witness who could testify that Roy lifted crossties created a presumption adverse to his cause.
The failure of a corroborating witness to testify when available does create a presumption that his testimony would be adverse. Schwab For & On Behalf of Schwab v. Galuszka, 463 So.2d 737 (La. App. 4th Cir.1985), writ denied, 464 So.2d 1386 (La.1985), cert. denied, ___ U.S. ___, 106 S.Ct. 37, 88 L.Ed.2d 30 (1985). The record suggests that this witness lived out of state and may have been equally unavailable to the litigants. Nonetheless, the absence of this corroborating testimony is merely one factor that must be weighed against the entirety of the evidence. Schwab, supra. In light of the totality of the evidence, we find that even if this adverse presumption was applicable, the record provided a sufficient credible basis supportive of the trial court's determination.
The trial court next concluded that the defendants owed a duty to investigate, even minimally, Roy's injury so that future disability would not be unnecessarily inflicted. Defendants contend they were obligated to provide reasonable medical care, and once this was done their duty ceased.
Louisiana jurisprudence has consistently held that the State owes prisoners a duty to reasonably protect them from injury. See Brewington v. Louisiana Dept. of Corrections, 447 So.2d 1184 (La.App.3rd Cir.1984), writ denied, 449 So.2d 1348 (La. 1984); Bridgewater v. State Through Dept. of Corr., 434 So.2d 383 (La.1983). The State further has the duty to provide prisoners reasonable medical care. Moreau v. State, Department of Corrections, 333 So.2d 281 (La.App. 1st Cir.1976).
It is undisputed that, even though Roy was still complaining of his back after the expiration of his no duty status, he was immediately assigned to heavy duty work. Defendants stress Roy's failure to ask to return to a doctor during the period of his initial convalescence, and his failure to report to the 5:30 a.m. sick call. This argument overlooks the fact that Roy's condition was improving with bed rest, and it was uncontradicted that Roy's medication made him very sleepy, which could have been the cause of his absence from early morning sick call.
Defendants further argue that Roy could have refused to work. Roy was faced with the ultimatum of working while injured or risking his chance at parole because of disobedience. The Supreme Court stated in Bridgewater v. State, Through Dept. of Corr., supra:

"An inmate, in particular, is not in a position to refuse to perform a job known to be dangerous. See Stilley v. State, 376 So.2d 1007 (La.App. 1st Cir. 1979), writ refused 378 So.2d 1389 (La. 1980). An inmate has far less freedom of choice; he is subject to disciplinary measures if he refuses to do what he is told." (Emphasis added.) *471 Roy did what he was ordered to do rather than be subject to a disciplinary measure. DOC and LNG argued in brief that there were administrative rules which would have permitted Roy to vindicate his choice to refuse work. Had these rules been placed into evidence, and they would have established a reasonable procedure available to Roy, DOC and LNG's argument may have been meritorious. However, in the absence of these rules, we therefore conclude that the trial court was not manifestly erroneous in its conclusion that DOC and LNG had a duty to investigate Roy's complaints of continued pain, and that they breached that duty in immediately assigning him to perform heavy duty labor.

DAMAGES
Roy contends that the trial court's damage award of $55,000 is inadequate. The record is clear that Roy has not had to pay any medical expenses incurred as of the date of trial. Roy expected, and the medical testimony corroborated, that his future medical expenses would be $8000; whether Roy will have to pay for this follow-up surgery was not established in the record.
After reviewing the trial court's award in light of the restraints imposed by Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), we cannot say that the trial court erred in its assessment of Roy's damages.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the State of Louisiana, through the Louisiana Department of Corrections and the Louisiana National Guard.
AFFIRMED.
NOTES
[*] Judge Hugh Ellis Brunson of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.