579 So.2d 1233 (1991)
Tammy Normand GAUTHIER, et al., Plaintiffs-Appellants,
v.
Kenman GOUX, et al., Defendants-Appellees.
No. 89-983.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1991.
*1234 Henry H. Lemoine, Jr., Pineville, for plaintiff-appellant, Tammy.
Carol J. Aymond, Jr., Bunkie, for plaintiff-appellant, Stephanie.
Calvin E. Woodruff, Jr., Abbeville, for plaintiff-appellant, Comeaux.
Keith W. Manuel, John R. Contois, Marksville, for defendants-appellees.
Before STOKER, DOUCET and KING, JJ.
DOUCET, Judge.
This is an appeal of a consolidation from a wrongful death action brought on behalf of three minor children of a prison inmate. Each child had a different mother, and appeared herein through its respective natural tutrix.
Kenneth James Normand died as a result of an accident when he was attempting to repair a backhoe. At the time of the accident, Normand was an inmate of the Avoyelles Parish Jail. William O. Belt, the Sheriff of Avoyelles Parish, had released Normand to the custody of an "auxiliary deputy" named Henry Juneau. On the day of the accident, Normand was performing a "private work project" under the supervision and custody of Juneau. This work involved the use of a backhoe on the property of Kenman Goux. Juneau had borrowed the backhoe from the Sheriff. The backhoe was in the Sheriff's custody having been seized and held for evidence in the course of a raid on a marijuana farm. Normand was killed when he was pinned between the rear part of the frame of the backhoe and a large boom holding a bucket. In attempting to repair the backhoe, the boom had apparently suddenly swung around, pinning him against the backhoe frame. Normand was alone with the backhoe when the accident happened.
The trial court found that Sheriff Belt was negligent in causing the death of Normand. He also found that Normand was negligent, allocating the percentage of the deceased's fault at 80%. The actions against Goux and Juneau were dismissed. As reduced by the deceased's percentage of fault, the judgment awarded $3,000.00 to the Estate of Kenneth Normand for the survival action. The judgment also awarded general damages of $15,000.00 to the minor, Kenneth James Normand, Jr.; $13,220.00 to the minor, Chase Normand; and $16,320.00 to the minor, Casey Danielle Hukins.
From this judgment, the plaintiffs appeal, listing as their sole assignment of error the finding that Kenneth Normand, Sr. was contributorily negligent.
To examine the facts for possible manifest error in the trial court's allocation of fault, the fault finding as to all parties must be understood. The trial court determined that the Sheriff, through his deputy, was at fault in failing to exercise his duty of supervision and control of Normand. In finding negligence, the judge said:
"Belt's negligence is clearly established. The arrangement with Juneau violated several provisions of law. The law prohibits outside work except on designated public projects. L.S.A.-R.S. 15:708. He is required to establish regulations for the control of such prisoners. He is required to reasonably protect them from *1235 harm, Roy v. Phelps, 488 So.2d 468 (La. App. 3rd Cir.1986), and to provide a safe working environment. Leonard v. Blackburn, 468 So.2d 825 (La.App. 1st Cir.1985)."
He further stated:
"... The breach of duty to his prisoner was not a single occurrance [sic]. The duty to provide the prisoner in his custody with a secure environment was continuing to the time of Normand's death. Had the Sheriff provided Normand with close supervision the accident causing his death would have been less likely ... We do know in the present case that Juneau, individually and as auxiliary deputy, advised Normand not to attempt the repair of the backhoe until help arrived. His duty on behalf of the Sheriff was to be more forceful in requiring Normand to wait for help. As a prisoner, Normand should not have been without direct supervision."
The contested issue is whether the trial court erred in finding that Normand was 80% at fault in causing his own death.
Criteria for determining if Normand was contributorily negligent as regards the defendant are: (1) relative knowledge of the danger by the supervising employee (Juneau) and the injured employee (Normand); (2) relative control over the employee's situation; (3) the degree to which the employee's conduct is voluntary on his part; (4) alternatives available to the employee; (5) obviousness of the danger; and (6) relative ability to eliminate the danger. Miller v. Employers Mut. Liability Ins. Co., 349 So.2d 1353 (La.App. 2nd Cir.1977).
The relationship between Juneau and Normand was not simply auxiliary deputy and jail inmate. They were good friends. The trial judge interpreted the situation as a decision by Normand to work on the backhoe, made after lunch and after he went outside, despite Juneau's advice to wait for Gagnard. This is why the trial judge allocated so much more fault to Normand than to the Sheriff's Department. The record supports this allocation.
Juneau knew less about backhoes than Normand. Juneau knew nothing. Normand could operate one.
Juneau was not present when Normand, on his own, decided to try to repair the backhoe. Juneau had told Normand to wait for Gagnard, the repairman, who was on his way, and that in the meantime, Normand could use the front bucket (which was operable), if he wanted to, to pick up some dirt. Juneau then left the scene. After Juneau was gone, Normand, instead of using the front bucket to pick up dirt, got down from the machine and tried to work on its repair.
The trial judge said: "He was the principal actor in the tragedy which caused his death. He failed to heed Juneau's advice and request to await help before attempting the repair."
The reviewing court must give great weight to factual conclusions of the trier of fact. The appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
For the foregoing reasons, we affirm the decision of the trial court. Costs of this appeal are to be paid by the appellants.
AFFIRMED.